**Welton PIERCE**

**v.**

**CATALYTIC, INC.**

Civ. A. No. 76–3100.

United States District Court,
E. D. Pennsylvania.

April 26, 1977.

Defendant is moving to dismiss all counts.

Wilbur Greenberg, Philadelphia, Pa., for plaintiff.

Mark S. Dichter, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, a black male, is bringing this action alleging unlawful racial discrimination by his employer, Catalytic, Inc.[1] Plaintiff asserts jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1361, 28 U.S.C. § 2201 and § 2202, 28 U.S.C. § 1331, 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e–5(f), charging that defendant violated his rights under 42 U.S.C. § 1981 and § 2000e (§ 1981 and Title VII) by discriminatorily terminating his employment.

Plaintiff alleges that he was employed by defendant from January 22, 1974, to March 15, 1974, at which time he was discharged. On June 25, 1974, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that his termination was due to defendant's unlawful discrimination against blacks. On September 19, 1975, the EEOC issued a determination and found that there was "reasonable cause" to believe that race was a factor in plaintiff's discharge. On May 6, 1976, however, the EEOC advised both parties that efforts at conciliation had failed, and on July 27, 1976, it issued a "Conciliation Failure, Notice of Right to Sue" to plaintiff. On October 5, 1976, plaintiff instituted this action.

## DISCUSSION

Defendant is unquestionably entitled to dismissal on three counts. First, it quite properly asserts that there is no diversity between the parties because plaintiff is a Pennsylvania resident and defendant is a corporation with its principal place of business in Pennsylvania. Thus, there is no jurisdiction under 28 U.S.C. § 1332. Also, there is no jurisdiction under 28 U.S.C. § 1361 because that section deals with mandamus actions and there are no government figures involved in this case. Thirdly, there is no jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because those sections only create a remedy and do not confer jurisdiction.

Defendant is also moving to dismiss the § 1981 and Title VII actions, claiming that they are barred by the applicable Pennsylvania Statute of Limitations. Plaintiff instituted proceedings in this Court over two and one-half years after his discharge and defendant now argues that Pennsylvania's personal injury limitations statute, 12 P.S. § 34, applies, barring this action after the expiration of two years.[2]

## PLAINTIFF'S § 1981 ACTION

Because 42 U.S.C. § 1981 does not contain a period of limitations, we must look to the limitations period which would be applied to a similar action under state law. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Defendant argues that 12 P.S. § 34 applies, while plaintiff counters that 12

---

1. Plaintiff initially also brought this action against Air Products & Chemicals, Inc., a corporation of which Catalytic, Inc. is a wholly-owned subsidiary. Upon a determination that Catalytic, Inc. is responsible for its own employment practices, however, counsel have stipulated that Air Products & Chemicals, Inc. has been dismissed from this case.

2. That section reads as follows:

"§ 34. Limitation in cases of personal injury.

Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of

P.S. § 31 is applicable and that the period should be six years.[3]

The courts have been divided on this matter.[4] Recently, the Third Circuit in *Wilson v. Sharon Steel Corporation*, 549 F.2d 276 (3d Cir. 1977) issued the following guideline:

> " * * * In determining the applicable limitation period, we call the attention of the district court and counsel to the authorities cited in 22 Pennsylvania Law Encyclopedia, Limitation of Actions, §§ 31, 32, including *Haefele v. Davis*, 399 Pa. 504, 160 A.2d 711, 714 (1960) * * * which might be helpful in determining the applicable period of limitations * * * ". *Id.* 280

The *Haefele* case held that the filing of the suit in that case "would have satisfied the statutory requirements. It was filed within six years of the original hearing". *Haefele v. Davis, supra*, 399 Pa. at 511, 160 A.2d at 714. This case was cited in 22 Pennsylvania Law Encyclopedia, Limitation of Actions § 31 supplement, note 85, as illustrative of application of the six-year limitations period. By citing this authority, the Third Circuit has vaguely suggested that the six-year period is applicable to actions brought under § 1981.

We are not unmindful of defendant's arguments that the Supreme Court, by applying Virginia's two-year statute in the case of *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), has made the personal injury statute applicable to § 1981 actions. However, *Runyon* is distinguishable. The Court was affirming a Circuit Court application of the two-year statute because the Circuit Court was applying state law:

> " * * * [W]e are not persuaded that the Court of Appeals was mistaken in applying the two-year state statute. * * * We are not disposed to displace the considered judgment of the Court of Appeals on an issue whose resolution is so heavily contingent upon an analysis of state law, particularly when the established rule has been relied upon and applied in numerous suits filed in the federal district courts in Virginia. In other situations in which a federal right has

---

action shall remain as now established by law."

3. That section in pertinent part reads as follows:

"§ 31. *Personal actions, when to be brought* All actions of trespass quare clausum fregit, all actions of detinue, trover and replevin, for taking away goods and cattle, all actions upon account and upon the case * * *, all actions of debt grounded upon any lending, or contract without specialty, all actions of debt grounded upon any lending, or contract without specialty, all actions of debt, for arrearages of rent, except the proprietaries' quitrents, and all actions of trespass, of assault, menace, battery, wounding and imprisonment, or any of them, * * * shall be commenced and sued within the time and limitation hereafter expressed, and not after; that is to say, the said actions upon the case, other than for slander, and the said actions for account and the said actions for trespass, debt, detinue and replevin, for goods or cattle, and the said actions of trespass quare clausum fregit * * * within six years next after the cause of such actions or suit, and not after. And the said actions of trespass, of assault, menace, battery, wounding, imprisonment, or any of them, * * * within two years next after the cause of such

actions or suit, and not after; and the said actions upon the case for words, within one year next after the words spoken, and not after."

4. See *Wilson v. Sharon Steel Corporation*, 399 F.Supp. 403 (W.D.Pa.1975), reversed and remanded, 549 F.2d 276 (3d Cir. 1977); *Davis v. United States Steel Supply*, 405 F.Supp. 394 (W.D.Pa.1976), and *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa.1976), in which the two-year limitation period was applied. See also *Meyers v. Pennypack Woods Home Ownership Association*, C.A. No. 75–13 (E.D. Pa.1976) which dealt with an action brought under 42 U.S.C. § 1982, but in applying the two-year limitation period to the action also declared that the limitation period for § 1981 actions was two years.

For cases applying the six-year period, see *Beamon v. Saunders*, 413 F.Supp. 1167 (E.D.Pa. 1976); *Fontaine v. Tasty Baking Co.*, C.A. No. 74–831 (E.D.Pa.1975); *Dudley v. Textron*, 386 F.Supp. 602 (E.D.Pa.1975); and *Jones v. United Gas Improvement Corporation*, 383 F.Supp. 420 (E.D.Pa.1974). Also see *Dupree v. Hertz Corporation*, 419 F.Supp. 764 (E.D.Pa.1976), a case that was concerned with actions brought under 42 U.S.C. § 1985(3), but which held that the six-year period applies to 42 U.S.C. § 1981 and § 1985.

depended upon the interpretation of state law, 'the Court has accepted the interpretation of state law in which the District Court and the Court of Appeals have concurred even if an examination of the state law issue without such guidance might have justified a different conclusion' * * * ". *Id.* at 181, 96 S.Ct. at 2599.

In the instant case, the Circuit Court has implied that the six-year statute applies. Thus, the *Runyon* case does not require us to apply the personal injury statute of limitations.

We are aware that the law in this area is still in a state of flux and that the Third Circuit in *Wilson v. Sharon Steel Corporation, supra,* provided only a guideline, not a rule of law. Therefore, we hold that the six-year statute is applicable to § 1981, but realize that further developments in the law could mandate an opposite ruling. Accordingly, we will deny the defendant's motion to dismiss the § 1981 action, without prejudice to renewing the motion upon the occurrence of such further developments.

## PLAINTIFF'S TITLE VII ACTION

Defendant also moves to dismiss plaintiff's action under Title VII as time barred by the personal injury statute. However, it is clear that while plaintiff did institute proceedings over two years after the discharge date, he also filed within 90 days of receipt of his "Conciliation Failure, Notice of Right to Sue", which is the time period set forth in 42 U.S.C. § 2000e–5(f)(1). As we noted in our prior decision of *Pinckney v. County of Northampton, et al.,* C.A. No. 75–2770 (E.D.Pa.1976), this type of provision "is extensive and detailed statutory treatment of the timing of Title VII actions" which "is inapposite to the situation prevailing in actions based on 42 U.S.C. § 1983 because § 1983 is silent on the question of the period of limitations". § 1981 is also silent, so Title VII is inapposite to § 1981 situations as well. In other words, we look to state statutes of limitations in § 1981 actions but not Title VII actions. Title VII has its own time limitations, and

plaintiff in this case has satisfied those limitations.

Accordingly, defendant's motion to dismiss plaintiff's Title VII action will also be denied.