Wilbur **COLLIER**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

**PHILADELPHIA GAS WORKS**, Defendant.

Civ. A. No. 76–2460.

United States District Court, E. D. Pennsylvania.

Nov. 15, 1977.

**1209**

Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

Obermayer, Rebmann, Maxwell & Hippel, Robert F. Stewart, Jr., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

A. LEON HIGGINBOTHAM, Jr., Circuit Judge, sitting by designation.

Plaintiff, Wilbur Collier, presently a resident of Orangeburg, S. C., brought this action individually and on behalf of others similarly situated against Philadelphia Gas Works (hereinafter "PGW") alleging employment discrimination based on race. Specifically, plaintiff claimed violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000d and 42 U.S.C. § 2000e *et seq.*, of the Civil Rights Acts, 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and of the First, Thirteenth and Fourteenth Amendments.

In February, 1972, while in the employment of PGW, plaintiff went out on sick leave and remained on the payroll until August 1, 1972. On the latter date, Collier's employment with PGW was terminated due to his retirement on psychiatric disability.

On March 9, 1972, Collier wrote to then Chairman of the EEOC, William Brown, who deferred the letter to the Philadelphia District Office. Defendant's brief, p. 36. Subsequently, on March 30, 1972, the letter was referred to the Pennsylvania Human Relations Commission and plaintiff received a notice regarding this deferral. Exhibits B and C, Affidavit of Robert F. Stewart, Jr., filed May 24, 1977. The Pennsylvania Commission on Human Relations did not docket the case because, as they said in their letter of October 30, 1972, the complaint had either been filed untimely or Collier had failed to contact the Commission. Affidavit of Robert F. Stewart, Jr., Exhibit D. The Philadelphia District EEOC Office sent Collier a notice of his right to sue within 90 days on June 4, 1972.

Plaintiff filed an original complaint on August 4, 1976, and an amended complaint on November 10, 1976. In respect to his individual action, plaintiff maintains that PGW engaged in the following unlawful employment practices:

(1) harassed plaintiff because he opposed PGW's unlawful employment practices,

(2) caused plaintiff to be retired on the pretext of a psychiatric disability,

(3) caused plaintiff to be retired because of his opposition to PGW's unlawful employment practices, and

(4) refused to permit plaintiff's advancement to the position of senior machinist because of his race.

In regard to the class action, plaintiff maintains that PGW engages in unlawful employment practices in the area of recruiting, hiring, transferring, promoting, compensation, conditions of employment and discharging of blacks.

Defendant filed a motion to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim for which

relief can be granted.[1] Plaintiff agreed that the 42 U.S.C. § 1985 claim should be dismissed, but he opposed all of the other grounds raised in PGW's motion to dismiss. The 42 U.S.C. § 1983 and § 1985 claims are dismissed. Except for his claim regarding discrimination in his retirement all other claims of plaintiff under Title VII are dismissed.

## II.

PGW's motion raises several issues which can be outlined as follows:

A. Plaintiff's Title VII claim

1. Is PGW an agency of the City of Philadelphia and, therefore, not liable under Title VII before March 24, 1972?

2. Did plaintiff terminate his employment before March 24, 1972 making him incapable of raising a Title VII claim against PGW?

3. Did the plaintiff fail to meet the jurisdictional prerequisites of Title VII?

(a) Did plaintiff's March 9, 1972 letter to the Chairman of the EEOC constitute a timely charge?

(b) Did plaintiff fail to cooperate with the state agency? If so, does this bar his Title VII action?

4. If defendant, PGW, is an agency of the City can plaintiff introduce evidence regarding PGW's pre-1972 activities?

B. Is PGW liable under § 1981 and § 1983 of the Civil Rights Acts?

1. Is PGW a "person" under § 1983 that is, is PGW an agency of the City?

2. Is PGW liable under § 1981?

(a) If so, what is the applicable statute of limitations?

(b) Can plaintiff obtain more than equitable relief?

C. Is plaintiff's amended complaint sufficiently well pleaded?

### A. *Title VII Claim.*

#### I.

On oral argument, June 30, 1977, the following exchange was made between myself and Mr. Gelfond, plaintiff's counsel:

MR. GELFOND: . . . As far as 1981 is concerned what we find out from the discovery and from the voluminous documents that Mr. Stewart has filed with you is that the city more or less is insulated from active participation in the personnel policies, and I think it is very important that we realize this. I think it is further important that we carefully separate 1981 and Title 7 and do not blur those distinctions.

It is clear that as far as I am concerned under Title 7 before March 4, 1972, this Gas Works was not subject to Title 7.

THE COURT: There is just no doubt about it.

MR. GELFOND: No doubt about it at all.

THE COURT: You are not. making a concession. You were sort of speaking in a generous voice, but there is just no statutory right.

MR. GELFOND: That's right.

THE COURT: All right.

(R.T. pp. 23–24). Consequently, there is an agreement by the parties that PGW has immunity as an agency of the City for its acts prior to March 24, 1972.

#### 2.

■ Next, the question of whether Collier's employment was terminated before March 24, 1972 is essential for determining whether Collier can raise a claim under the 1972 amendment to Title VII. I find that the relationship did not terminate until Collier was removed from the payroll on August 1, 1972. The case most directly on

---

1. In support of the motion to dismiss for failure to state a claim for which relief can be granted and in opposition thereto both parties have filed matters outside the pleadings which I have considered. Pursuant to Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be treated as a motion for summary judgment. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Zeltzer v. Carte Blanche Corporation,* 514 F.2d 1156 (3d Cir. 1975).

point is *Suttle v. Exxon Co.*, 13 EPD ¶ 11,-528 (M.D.Fla.1976). The defendant claims that the case indicates that Collier's going on sick leave would remove PGW from any Title VII liability. Yet, in *Suttle, supra*, the plaintiff stated that he could no longer perform or seek to perform any work for the defendant company after going on sick leave. The court discussed the determining issue as to whether the Title VII claim was maintainable:

> The critical issue here is whether plaintiff could have suffered any of the effects of his alleged, pre-April 1 continuing discrimination after his disability removed him from defendants' active workforce. *Id.* at 6895.

Here, plaintiff sought to return to work and was allegedly "forced" to retire "on the pretext of psychiatric disability." Thus, because Collier sought to return to work in April, 1972, a fact-finder could theoretically decide that in April, 1972 he was denied work, not because of an actual disability, but because of discrimination. Unlike Suttle, Collier challenges the validity of his termination and that he had a disability at the time of his retirement.

Next, the defendant raises a two-prong attack based upon plaintiff's alleged failure to meet the jurisdictional requirements of Title VII.

First, defendant claims that the March 9, 1972 unsworn letter to the Chairman of the EEOC was not a valid charge. The regulations provide that if a charge is insufficient it can be amended to "cure technical defects or omissions, including failure to swear to the charge." 29 C.F.R. § 1601.11(b) (1976). The regulations contain a "relation back" provision. Since we do not have the record from the EEOC, plaintiff is directed to obtain from the EEOC a statement that the letter, if defective, was amended and now constitutes a valid charge.

Second, defendant claims that plaintiff either failed to file or cooperate with the state agency and, therefore, the claim is barred. The cases do state generally that failure to file a timely claim before the state agency bars a Title VII suit. *Dubois*

*v. Packard Bell Corp.*, 470 F.2d 973 (10th Cir. 1972); *Abshire v. Chicago and Eastern Illinois Railroad Co.*, 352 F.Supp. 601 (N.D. Ill.1972). In *Goger v. H.K. Porter Co., Inc.*, 492 F.2d 1317 (3d Cir. 1974), the Third Circuit held that:

> . . . the Congressional intent that state agencies be given the initial opportunity to act should be strictly followed and enforced. *See Dubois v. Packard Bell Corp.*, 470 F.2d 973 (10th Cir. 1972).

While the case involved the age discrimination law it is apparent that the court also perceived this statement as applicable to race and sex discrimination under Title VII. The Third Circuit has not declared failure to file with a state agency a jurisdictional bar, but at any rate, it is clear that in most cases, plaintiff must proceed initially before the state agency.

Here, the charge was referred to the state agency, but rejected either for untimeliness or for Collier's failure to contact the Philadelphia Commission on Human Relations. Affidavit of Robert Stewart, Jr., Exhibit D. The factual record is incomplete as to this issue. However, while failure to *file* may bar a suit, failure to cooperate once the charge is before a state agency has not been found to be a jurisdictional bar. *Scott v. University of Delaware*, 385 F.Supp. 937 (D.C.Del.1974), held that non-cooperation may be a bar, citing *Dubois, supra*. However, because the issue of cooperation (whether the plaintiff signed a form issued by the Delaware Dept. of Labor) was in dispute, under the authority of *Braden v. University of Pittsburgh*, 477 F.2d 1 (3d Cir. 1973), the issue was not resolved on the defendant's motion for summary judgment. Because the issues raised in the *Scott* case are similar to this matter, in that the factual issues are unclear, I reserve ruling on whether Collier's Title VII claim is subject to a jurisdictional bar, pending an evidentiary hearing on that issue.

4.

■ While the defendant cannot be held substantively liable for any employment

discrimination claim raised before March 24, 1972,[2] plaintiff argues that evidence regarding PGW's employment policies and practices prior to that date is admissible to show that the defendant's prior activities had a continuing effect upon the plaintiff up until August, 1972. In this individual action Collier is limited to showing the discriminatory nature of his termination and he cannot venture into an attack on PGW's activities prior to March 24, 1972 unless he shows a nexus between the termination and the pre-March 24, 1972 acts. The scope of evidence admissible to prove the alleged discriminatory discharge is left for the trial judge to decide.

### B. *PGW's Liability Under § 1981 and § 1983 of the Civil Rights Acts*

#### 1.

■ As an agency of the City, PGW is not liable under § 1983. *U. S. ex rel. Gittlemacker v. County of Philadelphia*, 413 F.2d 84 (3d Cir. 1969) (City-owned institution which operates as part of city government is not liable under § 1983); *Braden v. University of Pittsburgh*, 477 F.2d 1, 7, n. 10 (3d Cir. 1973); *Ransom v. City of Philadelphia*, 311 F.Supp. 973 (E.D.Pa.1970).

#### 2.

■ *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977), held that the City of Pittsburgh was liable to claims under § 1981; therefore, under present law because PGW is an agency of the City it is subject to § 1981 liability and cannot seek immunity under a municipality's shield.

As plaintiff can bring a § 1981 claim against PGW, the next question is what is the applicable statute of limitations.

In *Wilson v. Sharon Steel Corp.*, 549 F.2d 276 (3d Cir. 1977), this Circuit originally held the six-year statute of limitations found in 12 P.S. § 31 applicable to a § 1981 claim of discriminatory discharge. The court characterized Wilson's claim as a tort claim in that the defendants discriminated against Wilson and denied him equal treatment "in the enjoyment of his contractual rights." In the amended opinion filed March 9, 1977, 3 Cir., 549 F.2d 276, the court eliminated this definitive language and remanded the case to the district court to determine the "applicable period of limitations when the facts and legal rights incident to plaintiff's claim are developed . . . ." 549 F.2d at 280, 281. The amended opinion did not indicate disapproval of a six-year statute of limitations in the § 1981 claim.

■ Judge Troutman, in *Pierce v. Catalytic, Inc.*, 430 F.Supp. 1180 (E.D.Pa.1977), held that the *Wilson* case provided a "guideline" in approaching the question of which statute of limitations should be applicable in § 1981 claims. There, Judge Troutman held:

> We are aware that the law in this area is still in a state of flux and that the Third Circuit in *Wilson v. Sharon Steel Corporation, supra*, provided only a guideline, not a rule of law. Therefore, we hold that the six-year statute is applicable to § 1981, but realize that further developments in the law could mandate an opposite ruling. 430 F.Supp. at 1183.

Until any further ruling is made by the Third Circuit, I find the six-year statute of limitations applicable and appropriate in plaintiff Collier's § 1981 claim. This reasoning is consistent with those Eastern District Courts which found 6-year statute of limitations appropriate for § 1981 suits. *Beamon v. W.B. Saunders Co.*, 413 F.Supp. 1167 (E.D.Pa.1976) (Fullam, J.); *Dupree v. Hertz Corp.*, 419 F.Supp. 764 (E.D.Pa.1976) (Newcomer, J.); *Dudley v. Textron, Inc., Brukart-Randall Division*, 386 F.Supp. 602

---

2. For a discussion of the non-retroactive nature of the 1972 amendments, *see Melani v. Board of Higher Education of N.Y.C.*, 12 E.P.D. ¶ 11,068 (S.D.N.Y.1976); *Zichy v. City of Philadel-*

phia, 407 F.Supp. 841 (E.D.Pa.1975); *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Pa.1974).

(E.D.Pa.1975) (Green, J.); *Jones v. United Gas Improvement Corp.*, 383 F.Supp. 420 (E.D.Pa.1974) (Fogel, J.); *but see Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa.1976) (Bechtle, J.).

■ Under the authority of *Mahone v. Waddle, supra* at 1028, n. 14, plaintiff is not limited to equitable relief for his § 1981 claim.

The plaintiffs in the instant case have prayed for compensatory damages and we note in passing that such damages are appropriate in section 1981 cases. "An individual who establishes a cause of action under section 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Johnson v. Rwy. Express Agency*, 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

C. *The Sufficiency of Plaintiff's Amended Complaint*

■ Plaintiff's amended complaint has the degree of specificity required to maintain his § 1981 and Title VII claims. The allegations are not conclusional and provide PGW sufficient grounds for preparing its answer.

### III.

Defendant, PGW, is granted summary judgment as to plaintiff's § 1983 and § 1985 claims. Plaintiff can maintain his § 1981 and Title VII claims regarding the alleged discriminatory retirement.