An order will be entered in accordance with this opinion.

**Franklin KELLY, Plaintiff,**

v.

**PHILADELPHIA GAS WORKS, Defendant.**

Civ. A. No. 75–3605.

United States District Court, E. D. Pennsylvania.

Nov. 15, 1977.

Charlotte Rollyson, Gordon Gelfond, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

Robert F. Stewart, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant.

OPINION AND ORDER

HIGGINBOTHAM, Circuit Judge, Sitting by Designation.

Plaintiff, Franklin Kelly, filed a complaint on December 15, 1975, alleging that Philadelphia Gas Works (hereinafter "PGW") discriminated in employment on

the basis of race. The action was brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff also claimed violations of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

Plaintiff alleged that he was "constructively discharged" from employment on August 2, 1971, and that he was discriminatorily denied reemployment on May 24, 1973. After his termination, plaintiff filed a charge with the Philadelphia Commission on Human Relations (hereinafter "PCHR").[1] After he was denied reemployment he filed a charge with EEOC which was received on July 25, 1973. (Affidavit of Robert F. Stewart, Jr., Exhibit C, filed May 24, 1977).

Defendant filed a motion for summary judgment on May 10, 1977, stating:

1) The Court lacks jurisdiction over plaintiff's Title VII claim regarding the August 2, 1971 termination because

(a) PGW, as an agency of the City of Philadelphia, was immune from Title VII liability prior to the March 24, 1972 amendment to that act, and

(b) plaintiff failed to satisfy the jurisdictional prerequisite of filing a timely charge with the PCHR and the EEOC.

2) The Court lacks jurisdiction over plaintiff's 42 U.S.C. § 1981 and § 1985 claims because

(a) PGW is not a "person" liable under § 1981,

(b) the complaint is barred by the statute of limitations and

(c) the § 1985 claim is not sufficiently pleaded.

Defendant raises no jurisdictional objection regarding plaintiff's allegation under Title VII that his application for reemployment in 1973 was discriminatorily denied. Thus, there is no question before me regarding the propriety of raising that claim.

Plaintiff has denied all the defendant's claims in PGW's motion for summary judgment in his answer, filed June 1, 1977, except defendant's statement that no claim under 42 U.S.C. § 1985 can be brought.[2] In his reply brief, filed on June 1, 1977, plaintiff states:

> While defendant in its Motion for Summary Judgment overlooked plaintiff's allegation of discrimination of failure to rehire in May 1973 mention is made of this claim in its Brief (see pages 5–11) and defendant concedes that this claim is proper. Although plaintiff is not alleging continuing discrimination in order to link his other Title VII allegations with the refusal to hire, it is obvious that at trial evidence of all these matters will be relevant.

By stipulation, filed May 11, 1977, both parties have agreed that the jurisdictional issues raised in *Collier v. Philadelphia Gas Works*, 441 F.Supp. 1208 (E.D.Pa., filed November 15, 1977), are controlling in this case and that the Court's resolution of the *Collier* motion to dismiss the amended complaint would determine all of the matters raised in this motion, *except* for PGW's claim that the filing prerequisites of Title VII were not met.

■ In accordance with the stipulation of counsel and my opinion in the *Collier* case, I will deny defendant's motion for summary judgment on plaintiff's § 1981 claim. Also because PGW, as an agency of the City, was immune from Title VII claims prior to March 24, 1972, it cannot be held liable for any substantive violations of that act in regard to plaintiff's August 2, 1971 termination. Plaintiff, in his reply brief, states that he is not alleging the existence of any "continuing discrimination" resulting from PGW's past conduct. However, because plaintiff's Title VII claim regarding PGW's denial of his application for reemployment

---

1. Because of the conclusion reached in my opinion, it is unnecessary to discuss the actual date(s) of the charge(s) filed with PCHR regarding plaintiff's termination.

2. Plaintiff cited § 1985 as a basis of jurisdiction in his complaint; however, it was not clear whether he also alleged substantive violations of § 1985.

is properly before the court (as admitted by defendant), Kelly is free to introduce evidence relevant to that claim.

█ Because plaintiff's § 1981 claims withstand defendant's motion to dismiss, the issue of what is the applicable statute of limitations arises. In the *Collier* case, I held the six-year statute of limitations found in 12 P.S. § 31 applicable to the § 1981 claim. Under the reasoning of the *Collier* case, I find 12 P.S. § 31 the most applicable statute of limitations in this case. Thus, Kelly's claims under § 1981 for the alleged discriminatory discharge and refusal to rehire are not time-barred.

Defendant's motion for summary judgment on plaintiff's § 1981 claims is denied. Plaintiff's Title VII claim shall be limited to PGW's alleged refusal to rehire him.