**Thelma DAVIS, Plaintiff,**

v.

**UNITED STATES STEEL SUPPLY, DIVISION OF UNITED STATES STEEL CORPORATION, Defendant.**

Civ. A. No. 75–1020.

United States District Court, W. D. Pennsylvania.

Jan. 14, 1976.

Robert X. Medonis, Pittsburgh, Pa., for plaintiff.

S. C. Clark, Jr., P. J. Sheehe, J. T. Carney, U. S. Steel Corp., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

This is an action to recover damages for employment discrimination under 42 U.S.C. § 1981 and its jurisdictional counterpart, 28 U.S.C. § 1343. Plaintiff, a black female, alleges that between May 1966, when she was hired by the defendant* corporation as a clerk-typist, and February 1970, when she was discharged for "her own personal safety" (Complaint, ¶ 26), she was subjected to various forms of racially-motivated harassment by her fellow employees—including racial slurs, threats and damage to her personal apparel—and that defendant's supervisory personnel, though fully aware of such incidents, made no effort to investigate, abate or correct this asserted pattern of harassment, permitting it to continue as a tacitly-approved course of discriminatory conduct.

Defendant's response to these allegations takes the form of a motion to dismiss or, in the alternative, for summary judgment. Defendant contends, *inter alia*, that any § 1981 claim which plaintiff might have asserted is barred by the applicable statute of limitations. I agree and will dismiss the complaint on that basis.

■ The federal Civil Rights Acts do not contain a statute of limitations. This Court therefore must look to and apply in the instant case the period of limitations which would govern a similar cause of action brought in the state courts. *E. g., Polite v. Diehl,* 507 F.2d 119, 122 (3d Cir. 1974); *Henig v. Odorioso,* 385 F.2d 491, 493 (3d Cir. 1967).

■ Starting from this settled premise, plaintiff argues, in essence, that despite the absence of any contractual nexus between herself and defendant, employment discrimination is inherently a contractual wrong, subject to Pennsylvania's general six-year statute of limitations, 12 P.S. § 31. I do not find the argument persuasive. Plaintiff's action is grounded on the alleged violation of her civil rights, and, as the Court of Appeals for the Sixth Circuit has observed,

" . . . a deprivation of civil rights is primarily the violation of personal rather than property rights." Marlowe v. Fisher Body, 489 F.2d 1057, 1063 (1973). This formulation is not altered merely because plaintiff is proceeding under § 1981, a provision specifically protecting contract rights: the statute of limitations attaches to the cause of action, rather than to the form in which the action happens to be brought. P.L.E. Limitation of Actions §§ 21, 32; Jones v. Boggs & Buhl, 355 Pa. 242, 245, 311 A.2d 316 (1946).

In my view, the instant complaint clearly sounds in tort. Specifically, I find that it alleges, in the language of Judge McCune of this Court, writing in a similar case:

" . . . tortious interference with a basic statutory right, the right to equality of treatment in employment." Wilson v. Sharon Steel Corporation, 399 F.Supp. 403, at p. 408 (W.D.Pa. 1975).

Plaintiff is thus asserting a cause of action that falls within the ambit of Pennsylvania's two-year statute of limitations pertaining to actions for wrongful personal injury, 12 P.S. § 34. Id. See Marlowe v. Fisher Body, supra; Gozdanovic v. City of Pittsburgh, 361 F.Supp. 504 (W.D.Pa.1973). Cf. Henig v. Odorioso, supra. But see Jones v. United Gas Improvement, 383 F.Supp. 420, 430 (E.D.Pa. 1974). Since her cause of action accrued, at the latest, on February 2, 1970, the date of her discharge, the instant complaint was time-barred before it was filed on August 14, 1975.

Defendant's motion to dismiss will be granted. An appropriate Order will be entered.