**Anthony DUPREE, II on his behalf and on behalf of all others similarly situated**

v.

**HERTZ CORP., Individually and d/b/a Hertz Rent–A–Car.**

**Civ. A. No. 76–218.**

United States District Court, E. D. Pennsylvania.

May 28, 1976.

David C. Harrison, Philadelphia, Pa., for plaintiff.

John H. Leddy, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This suit is a class action charging racial discrimination in connection with employment. The complaint alleges discrimination on a national level in all aspects of hiring and promotion at Hertz Corporation. Hertz has filed a motion to dismiss various portions of the plaintiff's complaint. This motion raises three separate issues involving the sufficiency of the plaintiff's allegations under 42 U.S.C. § 1985(3), the appropriate statute of limitations to apply to an action under § 1985(3), and the proper scope of an employment discrimination action in relation to the plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission. The defendant's motion must be granted in part and denied in part.

Hertz's first argument is that the complaint does not state a cause of action under 42 U.S.C. § 1985(3). In *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court has set forth the elements that must be alleged to state a cause of action under § 1985(3). The complaint must allege: (1) that the defendants conspired; (2) that the purpose of the conspiracy was to deprive the plaintiff of equal protection of the laws or of equal privileges and immunities under the laws; (3) that at least one of the conspirators committed an overt act in furtherance of the conspiracy; and (4) that the plaintiff suffered injury as a result of such acts. The complaint in this case does not meet these criteria. There are no allegations of conspiracy or of an intent to conspire, and no facts are alleged which set forth such a conspiracy. Consequently, the complaint does not state a cause of action under § 1985(3), and that portion of the complaint must be dismissed.

However, because it appears likely that the plaintiff can correct the defective allegations of the complaint, the plaintiff will be granted leave to amend. Under Rule 15 of the Federal Rules of Civil Procedure, amendments must be freely allowed,

and leave to amend should ordinarily be granted when a complaint is dismissed for failure to state a claim. See 3 *Moore's Federal Practice* ¶ 15.10. The defendant will not be prejudiced if an amendment is allowed at this early stage of the litigation, so leave to amend should be permitted. See *Dozier v. Chupka,* 395 F.Supp. 836, 848 (S.D. Ohio 1975).

■ Since the plaintiff presumably can correct the deficiencies in the complaint under *Griffin v. Breckenridge, supra,* we also must consider the defendant's additional challenges to the § 1985(3) claim. In fact, granting leave to amend is a useless gesture if a properly pleaded § 1985(3) claim nevertheless must be dismissed. The defendant's first argument is that a single corporation cannot conspire with itself in violation of § 1985(3). This seemingly simple argument has resulted in inconsistent lower court decisions. Some courts have held that a complaint naming corporate officials and the corporation itself does state a claim under § 1985(3): *Jackson v. University of Pittsburg,* 405 F.Supp. 607 (W.D.Pa. 1975); *Rackin v. University of Pennsylvania,* 386 F.Supp. 992, 1005 (E.D.Pa.1974). Other courts have refused to recognize such conspiracies: *Girard v. 94th Street and Fifth Avenue Corp., et al.,* 530 F.2d 66 (2d Cir. 1976), affirming 396 F.Supp. 450 (S.D. N.Y.1975); *Baker v. Stuart Broadcasting Corp.,* 505 F.2d 181 (8th Cir. 1974); *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972); *Cole v. University of Hartford,* 391 F.Supp. 888 (D.Conn.1975).

These cases indicate that the size of the corporation, the number of acts of discrimination, and the number of persons or entities involved in making corporate decisions must be considered in applying § 1985(3) to a single firm conspiracy. Here the defendant is a very large corporation with numerous separate offices, the complaint alleges a broad policy of discrimination rather than a single discriminatory act, and the plaintiff is not challenging a specific, formally adopted corporate policy. Moreover, the complaint alleges the involvement of franchisees who are not directly controlled by the defendant, Hertz Corporation. These allegations bring this case closer to the factual situation in *Rackin v. University of Pennsylvania,* than to the facts in the *Girard* and *Dombrowski* line of cases. At any rate, the allegations are sufficient to withstand a motion to dismiss. See *Beamon v. W. B. Saunders Co.,* 413 F.Supp. 1167 at 1176 (E.D.Pa.1976).

■ Hertz next challenges the § 1985(3) claim on the basis of the statute of limitations. The limitations period for actions brought under § 1985(3) must be determined by reference to the most nearly analogous state statute of limitations. *Young v. International Telephone and Telegraph Co.,* 438 F.2d 757 (3d Cir. 1971). In Pennsylvania, district courts have split in deciding what limitations provision is most applicable to employment discrimination claims. Several cases from the Western District of Pennsylvania have applied the two-year statute of limitations for tort actions to employment discrimination cases. (12 P.S. § 34) *Davis v. United States Steel Corp.,* 405 F.Supp. 394 (W.D.Pa.1976); *Wilson v. Sharon Steel Corp.,* 399 F.Supp. 403 (W.D. Pa.1975). Judge Bechtle of this District recently expressed his agreement with these decisions in *Presseisen v. Swarthmore College,* 71 F.R.D. 34 (E.D.Pa.1976). On the other hand, three cases from the Eastern District of Pennsylvania have held that Pennsylvania's six-year statute of limitations for actions on contracts should be applied in employment discrimination cases. *Beamon v. W. B. Saunders Co.,* 413 F.Supp. 1167 (E.D.Pa.1976); *Dudley v. Textron, Inc.,* 386 F.Supp. 602 (E.D.Pa.1975); *Jones v. United Gas Improvement Corp.,* 386 F.Supp. 420 (E.D.Pa.1974).

■ We believe that the cases applying the six-year statute of limitations are more persuasive. To begin with, certain practical considerations involving the relationship between the Civil Rights Acts and Title VII call for a relatively long statute of limitations in employment discrimination cases brought under § 1981 or § 1985(3). As stated by Judge Fullam in *Beamon v. W. B. Saunders Co., supra:*

"It is apparent that, as a practical matter, if it is determined that a relatively short statute of limitations, say less than three years, is applicable in § 1981 employment discrimination cases, the natural effect of this decision will be to force litigants in employment discrimination cases to file their § 1981 causes of action in the federal courts before EEOC's Title VII-mandated involvement in the case has been completed. It is clear from both the Title VII statutory provisions, and the legislative history of that Act, that Congress intended that individuals should not be required to sue in employment discrimination cases until the administrative review process has been completed." (413 F.Supp. at 1174) (footnotes and citations omitted).

This problem is illustrated in the present case, since the plaintiff did not receive an EEOC notice of right to bring suit on his Title VII claims until more than two years after the alleged discrimination. Enforcement of a short statute of limitations in such a situation would be inefficient because a plaintiff would have to bring suit on his § 1981 or § 1985 claims before he is permitted to sue on Title VII claims growing out of the same incident. Moreover, there is no rationale for a short statute of limitations, since commencement of the administrative proceedings before the EEOC puts the defendant on notice of the claim and gives it an opportunity to preserve relevant evidence.

Sound legal principles also favor application of Pennsylvania's six-year statute of limitations rather than the two-year statute applicable to tort actions involving personal injuries. The two-year statute provides as follows:

§ 34   Limitations in cases of Personal Injury

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in

death the limitation of action shall remain as now established by law." (12 P.S. § 34)

This statute on its face is applicable only to personal injury actions where the injury does not result in death. Thus, the statute does not even apply to all tort actions. Certainly this limited statute is not the most appropriate state statute of limitations for complicated employment discrimination cases. Employment discrimination claims, unlike most cases of personal injury, typically can be proved using documentary evidence in the form of employment records. Since these records generally are retained by companies, the passage of time is not as likely to interfere with the proof of an employment discrimination case as it would affect the memories of witnesses in a personal injury action. Plaintiffs in employment discrimination cases normally make extensive discovery requests and compile detailed statistical information for use at trial. They also seek equitable remedies such as changes in hiring and promotion practices, as well as money damages. As stated by Judge Fogel of this District, "[t]o hold that this action with all of its ramifications is similar to a simple state tort action to recover damage for personal injuries does violence to the language and purpose of § 1981." *Jones v. United Gas Improvement Corporation,* 383 F.Supp. 420, 431 (E.D.Pa.1974).

Those cases which have applied 12 P.S. § 34 to employment discrimination claims apparently followed several earlier cases which had refused to apply the six-year statute of limitations to civil rights claims brought under 42 U.S.C. §§ 1983 and 1985. See *Henig v. Odorioso,* 385 F.2d 491 (3d Cir. 1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968); *Gozdanovic v. Civil Service Commission for City of Pittsburgh,* 361 F.Supp. 504 (W.D.Pa.1973). These cases are not controlling in the context of employment discrimination because the underlying claims in these earlier cases were for personal injury, false arrest, false imprisonment, slander, libel, or malicious prosecution. Although specific provisions in Pennsylvania law provide shorter stat-

utes of limitations for these particular torts, no such provision exists for claims of employment discrimination. See 12 P.S. §§ 31, 32, 34, 51.

Even though the plaintiff in this case never was hired by Hertz Corporation and therefore never was in a contractual relationship with Hertz, his allegations of employment discrimination essentially are that Hertz unlawfully refused to enter into a contract of employment with him. Thus, the most analogous cause of action appears to be interference or conspiracy to interfere with contractual relations. The statute of limitations in Pennsylvania for this tort is six years. See *Loughrey v. Landon*, 381 F.Supp. 884 (E.D.Pa.1974).

For all the reasons set forth herein, the general six-year statute of limitations is the most appropriate one to apply to an action under 42 U.S.C. §§ 1981 or 1985 based on employment discrimination. Since the plaintiff's individual claim of discrimination accrued in 1973 when he was not hired, his cause of action is not barred by the six-year statute of limitations. 12 P.S. § 31.

The final basis for the defendant's motion to dismiss is the scope of the charges that were raised before the Equal Employment Opportunity Commission. The defendant argues that the plaintiff's Title VII claims in this suit should be limited to the claims that he presented to the EEOC. Thus, the defendant would have us limit the plaintiff's Title VII claims to discrimination in hiring practices.

The reason for limiting the scope of Title VII suits is to insure that employment discrimination claims are processed through the administrative procedures of the EEOC before suit is initiated. The administrative scheme provides for conciliation efforts between the employer and the EEOC to obtain voluntary compliance with Title VII.[1] This administrative scheme could be frustrated if the filing of a limited claim of discrimination with the EEOC were sufficient to satisfy the jurisdictional requirements for a broad suit alleging discrimination in all facets of an employer's operation. The general rule adopted by the courts to limit the scope of Title VII actions is that:

> "the allegations in a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission.' In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (citations omitted).

Thus, in this case we must determine whether allegations of racial discrimination in promotions, wages and other benefits of employment are reasonably related to the plaintiff's charge of discrimination filed with the EEOC, which essentially concerned discrimination in hiring practices.[2]

1. In this case, as pointed out by the defendant, the EEOC failed to follow its own procedures, and Hertz was not given an opportunity to conciliate even though one was requested. However, actual conciliation efforts by the EEOC are not a prerequisite to a Title VII action. All that is required is that the plaintiff first present his charge to the Commission, so that it has an opportunity to pursue conciliation. *See Dent v. St. Louis-San Francisco R. Co.*, 406 F.2d 399 (5th Cir. 1969); *Johnson v. Seaboard Air Line R. Co.*, 405 F.2d 645 (4th Cir. 1968), *cert. denied*, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969).

2. The factual statement submitted by the plaintiff to the EEOC was as follows:

> "I was not given an equal opportunity in my interviews for employment at Hertz-Rent-A-Car. I was called back several times and was promised that the position was mine. This encouragement was expressed by John the Comptroller who also was doing the interviewing. John called me back several times after looking over some of my proof of work that I had done that pertained to the position that was opened. Not only was I qualified for the position that was opened, but there were sales positions opened which was my strongest asset.
> Before my last interview John told me that his boss was making the decision. When I talked with his boss, his boss told me that

■ One court faced with a very similar factual situation has limited the plaintiff's complaint to allegations of discrimination in recruitment, testing and hiring. *Kinsey v. Legg, Mason & Co., Inc.,* 60 F.R.D. 91 (D.C. D.C.1973). The court in *Kinsey* noted that

"Nevertheless, even the most generous construction of the facts and issues before the EEOC concerning Legg, Mason's hiring, recruiting and testing procedures does not sustain an across-the-board attack in federal court upon every aspect of the company's employment practices. The record is clear that the EEOC was not requested to investigate these practices and that litigation of their validity in a Title VII enforcement suit at the present time would be unjustified." 60 F.R.D. at 97.

The same reasoning is applicable to the instant case. Plaintiff Dupree's EEOC complaint only concerned hiring practices, and there is no reason to believe that in investigating the plaintiff's charge of discrimination either the EEOC or the Philadelphia Commission on Human Relations considered anything but the defendant's hiring practices. Therefore, the plaintiff's Title VII allegations in this action should also be limited to hiring practices.

None of the cases cited by the plaintiff to support the broad allegations of his complaint are squarely on point. For example, in *Gamble v. Birmingham Southern R. R. Co.,* 514 F.2d 678 (5th Cir. 1975), allegations of discrimination in promotions to supervisor were not dismissed, even though the charge to the EEOC was limited to allegations of discrimination in promoting switchmen to conductor. Since supervisors were chosen from among the conductors, discrimination in selecting supervisors was implicitly included in the EEOC charge relating to conductors. Obviously, the additional allegation permitted in *Gamble* was much more closely related to the EEOC charge than are the additional allegations contained in this complaint. Other decisions cited by the plaintiff involved cases of continuing discrimination directed at the same plaintiff,[3] EEOC complaints which themselves stated broad claims,[4] or merely procedural technicalities.[5] All of these cases are distinguishable from the factual situation in the present case. We hold that those portions of the complaint which allege racial discrimination in promotion, wages, assignments, or other emoluments of employment pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, must be dismissed because those issues are not "like or related to" the plaintiff's complaint to the EEOC.

■ Of course, in view of our disposition of the other issues raised by the defendant in its Motion to Dismiss, this holding is not dispositive of the scope of the factual issues in this case. While the scope of the plaintiff's Title VII claims is limited to the scope of his charge with the EEOC, claims brought under 42 U.S.C. § 1981 or § 1985 are not so limited. Although administrative efforts to achieve voluntary compliance through conciliation may be beneficial, Congress has created two separate and independent remedies. Thus, "the filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 460–61, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). The plaintiff in this action therefore may be able to raise issues under § 1981 or § 1985 which cannot be brought under Title VII.

---

John was making the decision. You can plainly see the deceit."

**3.** *See Oubichon v. North American Rockwell Corp.,* 482 F.2d 569 (9th Cir. 1973).

**4.** *See Hecht v. C.A.R.E.,* 351 F.Supp. 305 (S.D. N.Y.1972).

**5.** *See Wetzel v. Liberty Mutual Ins. Co.,* 511 F.2d 199 (3d Cir. 1975).