**Grim v. CNA Financial Corp.**

*John H. Forry*, for plaintiff.
*Richard A. Bausher* and *Robert T. Miller*, for defendant.

WESNER, *J.*, October 19, 1978—The present action in equity arose from an alleged employment discrimination claim brought by Daris Grim, the female plaintiff, against CNA Financial Corporation doing business in Pennsylvania through its subsidiary, American Casualty Company, defendant. This action is before the court on defendant's preliminary objections to plaintiff's complaint.

Plaintiff was discharged from her employment by defendant on August 6, 1974. Plaintiff filed her complaint originally with the Reading Human Relations Commission on October 7, 1974. The basis of the complaint was that her salary while employed and her discharge were allegedly motivated by sex and age discrimination. The Reading Human Relations Commission failed to take any action on the complaint prior to closing its office in May of 1975. Plaintiff subsequently filed her complaint with the Pennsylvania Human Relations Commission (hereinafter referred to as the Commission) on November 24, 1975. Plaintiff was notified by the commission of her right to bring suit on December 13, 1976. On September 25, 1977, plaintiff withdrew her complaint with the commission and proceeded to institute the instant action with the Court of Common Pleas of Berks County on November 9, 1977.

The threshold issue presented to the court is whether plaintiff's action is barred by her failure to file her complaint with the Pennsylvania Human Relations Commission within 90 days of the alleged discrimination as required by the Act of October 27, 1955, P.L. 744, as amended, 43 Pa.C.S.A. §959. Plaintiff failed to file within the required time with the Pennsylvania Human Relations Commission although she did bring her claim to the Reading

Human Relations Commission within the 90-day period. The question which arises is: Can plaintiff's filing with the Reading Commission be considered "constructive filing" with the Pennsylvania Commission? The Pennsylvania Human Relations Act requires complainants to take prompt action to vindicate their rights. Plaintiff in the instant case did take such action and should not be penalized for bureaucratic inactivity far beyond her control. The act should be liberally construed to effect its policies: 43 Pa.C.S.A. §962(a). Our research indicates that the Pennsylvania Human Relations Commission did take over all complaints properly filed with the Reading Commission and treated them as properly filed with the Reading Commission. See, 43 Pa.C.S.A. §962.1. We hold that plaintiff's filing with the Reading Commission was "constructive filing" with the Pennsylvania Human Relations Commission.

Defendant in its brief asserts that even if plaintiff is considered to have filed within the required 90 days, she is still barred from maintaining this suit. This assertion is based on defendant's reading of 43 Pa.C.S.A. §962. The act originally contained subsections (a) and (b); subsection (c) was added in 1974. Subsection (b) now reads:

"(b) . . . Nothing contained in this act shall be deemed to repeal or supersede any of the provisions of any existing or hereafter adopted municipal ordinance, municipal charter or of any law of this Commonwealth relating to discrimination because of race, color, religious creed, ancestry, age, sex, national origin or handicap or disability, but as to acts declared unlawful by section five of this act the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall

exclude any other action, civil or criminal, based on the same grievance of the complainant concerned. If such complainant institutes any action based on such grievance without resorting to the procedure provided in this act, he may not subsequently resort to the procedure herein. In the event of a conflict between the interpretation of a provision of this act and the interpretation of a similar provision contained in any municipal ordinance, the interpretation of the provision in this act shall apply to such municipal ordinance." Act of December 19, 1974, P.L. 966, 43 Pa.C.S.A. §962.

Subsection (c) added in December of 1974 reads:

"(c) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act. If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employes, granting of back pay, or any other legal equitable relief as the court deems appropriate.

Back pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this act." As amended December 19, 1974, P.L. 966, sec. 6, imd. effective.

Defendant's position is that plaintiff is not covered by the amendment because she filed her claim in August of 1974, several months before the amendment. We do not agree with defendant's contention. It is our view—and apparently the view of the Pennsylvania Human Relations Commission from its actions—that since the case was "pending" at the time of the amendment it is covered by it.

The final issue is the appropriate statute of limitations for this employment discrimination suit. A number of Federal district courts sitting in Pennsylvania have grappled with this question in recent years, coming to opposite conclusions. Some courts have chosen to characterize employment discrimination suits as tortious and have invoked the two year statute, 12 P.S. §34.[1] Yet other courts have emphasized the contractual features of the suit and have invoked 12 P.S. §31.[2] With all due respect to

---

1. Presseisen v. Swarthmore College, 71 F.R.D. 34 (E.D. Pa. 1976); Davis v. U.S. Steel Supply, 405 F. Supp. 394 (W.D. Pa. 1976); Wilson v. Sharon Steel Corp., 399 F. Supp. 403 (W.D. Pa. 1975).

2. Collier v. Phila. Gas Works, 441 F. Supp. 1208 (E.D. Pa. 1977); Pierce v. Catalytic, Inc., 430 F. Supp. 1180 (E.D. Pa. 1977); Beaman v. W. B. Saunders Co., 413 F. Supp. 1167 (E.D. Pa. 1976); Dupree v. Hertz Corp., 419 F. Supp. 764 (E.D. Pa. 1976); Jones v. United Gas Improvement Corp., 383 F. Supp. 420 (E.D. Pa. 1974).

other learned courts, this court holds that the use of the six year statute is the sounder approach.

First as a practical matter, the two year statute of limitations would in reality be much shorter if the scheme envisioned by the Pennsylvania legislature is followed. Under the Pennsylvania Human Relations Act, the complainant has 90 days to file a complaint with the commission: 43 Pa.C.S.A. §959. If the commission has either dismissed the complaint or failed to enter a conciliation agreement after one year, the complainant must then be notified of his right to sue. This, in effect, makes the statute of limitations less than one year. The complainant is forbidden by the act to institute suit and then bring the complaint before the commission: 43 Pa.C.S.A. §962(b) (as amended in 1974).

Judge Newcomer emphasized the impracticability of the shorter statute of limitations in the case of Dupree v. Hertz Corp., 419 F. Supp. 764 (E.D. Pa. 1976). In that suit, the use of the two year statute would have required the complainant to file suit under 42 U.S.C.A. §1981 before the Equal Employment Opportunity Commission's Title VII mandated actions were completed. Both the state and the Federal acts envision the exhaustion of administrative remedies before civil suit is instituted.

Employment discrimination suits do not have the same problems of proof as most personal injury actions. Judge Newcomer ably pointed this out in Dupree:

"Employment discrimination claims, unlike most cases of personal injury, typically can be proved using documentary evidence in the form of

employment records. Since these records generally are retained by companies, the passage of time is not as likely to interfere with the proof of an employment discrimination case as it would affect the memories of witnesses in a personal injury action. Plaintiffs in employment discrimination cases normally make extensive discovery requests and compile detailed statistical information for use at trial." 419 F. Supp. at 767.

In addition to the differences in proof from simple tort actions, the requested relief in employment discrimination suits varies greatly from tort actions. In a typical personal injury action, money damages are sought. In employment discrimination cases, more sophisticated equitable remedies such as changes in hiring practices, training and seniority are frequently requested: Jones v. Gas Improvement Corp., 383 F. Supp. 420 (E.D. Pa. 1974). The Pennsylvania Supreme Court in Madera v. Monongahela Railway Co., 356 Pa. 460, 464, 52 A. 2d 329 (1947), noted that seniority rights arise out of contract and not tort.

While the law in this area is in a state of flux, we believe the more reasoned approach is to invoke the six year statute of limitations for actions in assumpsit. Judge Fullam in Beamon v. W. B. Saunders, 413 F. Supp. 1167, 1175, stated: "Admittedly, interference with the contractual relations may be characterized as 'tortious conduct,' but this does not necessarily mean that the statute of limitations governing torts is the 'most appropriate' or 'most analogous' statute of limitations."

Therefore, defendant's preliminary objections to plaintiff's complaint are dismissed.