**Carol A. EMRICK and Iva B. Ferris and Marsha Curcio Shafer,**

v.

**BETHLEHEM STEEL CORPORATION; United Steel Workers of America and United Steel Workers of America Local 2600.**

**Civ. A. No. 78–2087.**

United States District Court, E. D. Pennsylvania.

May 31, 1979.

Allan M. Dabrow, Pechner, Dorfman, Wolffe, Rounick & Cabot, Philadelphia, Pa., for plaintiffs.

Daniel P. McIntyre, Pittsburgh, Pa., for U. S. Steel and for Local 2600.

Arthur R. Littleton, Philadelphia, Pa., for Bethlehem Steel.

MEMORANDUM

TROUTMAN, District Judge.

In April 1974 the Federal Government, acting through the Justice Department, the Labor Department, and the Equal Employment Opportunity Commission, the United Steelworkers of America (Union), and nine major steel corporations, including defendant, Bethlehem Steel Corporation (Bethlehem), signed consent decrees[1] designed to increase the representation of minorities and women in the steel industry's prized trade and craft occupations. Through affirmative action programs implementing the decrees plaintiffs gained apprenticeships to the electrician's craft in September 1975. Within one year, a general decline in the steel business forced Bethlehem to schedule fewer electricians; consequently, plaintiffs, who numbered among the employees with least seniority, were laid off. Insisting that sexual discrimination prompted this measure, plaintiffs resorted, unsuccessfully, to the National Labor Relations Board, the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission and the appropriate review committee established by the consent decrees. Plaintiffs, for themselves and for all others similarly situated, then filed this action alleging violations of the consent decrees, the Civil Rights Act of 1871, 42 U.S.C. §§ 1985 and 1986, Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. All defendants now move to dismiss.

Plaintiffs frame their complaint in four separate but factually indistinct counts. Plaintiffs allege in Count I that the lay-off and "other matters affecting their terms, conditions and privileges of employment" violated Title VII, the consent decrees and the collective bargaining agreement between Bethlehem and defendants United Steelworkers of America and Local 2600. In Count II plaintiffs allege that defend-ants' "policies, practices, customs and usages" intentionally discriminate against female employees and thereby violate the consent decrees. Count III charges Union discrimination against female members, Local 2600's failure to represent female members fairly and all defendants' conspiracy to discriminate against female employees generally. Finally, in Count IV plaintiffs accuse defendants of knowingly and intentionally conspiring to deprive plaintiffs of their "privileges and immunities and the equal protection of law and/or the parties' contractual rights". Under all four counts plaintiffs demand identical relief, a preliminary and permanent injunction proscribing defendants' present discriminatory policies, practices, customs and usages relating to hiring, discharge, compensation, seniority, promotion, transfer, terms, conditions and privileges of employment. Plaintiffs also seek under all four counts a preliminary and permanent injunction ordering defendants to take the necessary affirmative action to correct the existing illegal practices and to award plaintiffs backpay and attorneys' fees.

Collectively, the Union, Local 2600 and Bethlehem argue that this Court does not have subject matter jurisdiction over claims for violations of consent decrees entered by the Alabama District Court; that the doctrines of res judicata and collateral estoppel bar the action; that principles of comity require this Court to decline jurisdiction; that the lack of factual allegations concerning hiring, compensation, seniority, promotion, transfer and discharge under Title VII fail to state a claim upon which relief can be granted; that plaintiffs lack standing to assert claims concerning discriminatory practices which did not personally affect them; that plaintiffs cannot expand the claims which they presented to the Equal Employment Opportunity Commission into the present panoply of allegations; that Section 703(h) of Title VII protects Bethlehem's bona fide seniority system even if it

---

1. The full history of the consent decrees may be found in *United States v. Allegheny-Ludlum Indus. Inc.,* 517 F.2d 826, 834–39 (5th Cir. 1975). Consent Decree I focuses upon union and company practices; Consent Decree II deals with "aspects of employment which are mainly company-controlled and thus not subject to collective bargaining." *Id.* at 835.

tends to perpetuate past discrimination; that plaintiff's factual allegations are insufficient to support the Section 1985(3) conspiracy charge.

■ Traditionally, courts decline jurisdiction over claims arising from orders issued by other courts. Where relief is available from the court issuing the order and enforcement will lead the reviewing court down labyrinthine trails of interpretation, the principle applies with full vigor. *Lapin v. Shulton, Inc.,* 333 F.2d 169 (9th Cir.), *cert. denied,* 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964); *Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403 (5th Cir. 1971). Plaintiffs' claims arise, in part, from Bethlehem's alleged violation of consent decrees issued by the United States District Court for the Northern District of Alabama, which specifically retained jurisdiction in order to resolve inevitable difficulties in interpretation of the decrees.[2] Consent Decree I, ¶ 20, Consent Decree II, ¶ 2.

■ The case *sub judice* represents a situation which these consent decree provisions anticipated. Plaintiffs' initial employment at Bethlehem resulted from obedience to the consent decrees, which also governed the seniority factors surrounding plaintiffs' lay-off and the review procedures monitoring Bethlehem's compliance with the decrees. Consent Decree, I, ¶¶ 9–15. Plaintiffs have alleged that Bethlehem violated the "terms and provisions" and the "purposes and intent" of the decrees. Whether Bethlehem actually violated either the letter or spirit of the consent decrees is an issue most properly decided by the court issuing the decrees. Confronted with similar situations, several courts have reached that conclusion. In *Dickerson v. United States Steel Corporation,* 439 F.Supp. 55 (E.D.Pa.1977) plaintiffs requested review of defendant's alleged failure to administer the consent decrees.[3] The court noted that "it is clear that violations of the consent

decree can be properly tried only in Alabama." *Id.* at 74. In *Benavides v. Bethlehem Steel Corporation,* No. 77–3910 (E.D.Pa. February 15, 1978), the court again refused to consider a claim alleging violation of the consent decrees due to lack of subject matter jurisdiction.[4] And in *Martini v. Republic Steel Corporation,* 532 F.2d 1079, 1081 (6th Cir. 1976), the Court held:

> As to those counts of appellants' complaint which allege that the consent decree is not being properly implemented, * * * (the Alabama district court) clearly retained jurisdiction to hear such complaints. The consent decree applies nationwide, but principles of comity certainly require that these issues be raised before the court which granted the decree.

Principles of comity also require dismissal of plaintiffs' allegations under Counts I, III and IV. The illegalities cited in all four counts have only one matrix, defendant's alleged discriminatory practices. Such conduct allegedly violates the law and the consent decrees mentioned. Resolution of the issues underlying one count would unavoidably affect the proper disposition of issues arising in other counts. To reach the merits of Counts I, III and IV while dismissing Count II would at best lead to duplicative efforts and at worst to inconsistent results. Successful implementation of the consent decrees requires uniform, consistent and authoritative interpretation. Considerations of judicial economy and orderly administration of justice as well as recognized principles of comity dictate dismissal of the entire complaint.

Accordingly, defendants' motions to dismiss will be granted.

---

2. In fact, the district court and the parties agreed that the court retained full power to review and correct actions taken pursuant to the decrees. *United States v. Allegheny-Ludlum Indus. Inc.,* 63 F.R.D. 1, 6 n.7 (N.D.Ala. 1974).

3. The consent decrees in all cited cases are the same ones under consideration here.

4. The court dismissed the complaint by an order premised on the reasoning of defendants' memorandum of law.