Carol A. EMRICK, Iva B. Ferris, Marsha Curcio Shafer

v.

BETHLEHEM STEEL CORPORATION, and United Steelworkers of America and United Steelworkers of America, Local 2600.

Civ. A. No. 78–2087.

United States District Court, E. D. Pennsylvania.

May 26, 1982.

Alan M. Dabrow, Pechner, Dorfman & Wolffe, Philadelphia, Pa., for plaintiff.

Dennis J. Morikawa, Philadelphia, Pa., Morgan, Lewis & Bockius, for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Contending that defendant Bethlehem Steel's policies violate rights secured by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII)[1], plaintiffs[2] instituted

---

1. The complaint originally alleged violations of a consent decree entered in the Northern District of Alabama, *United States v. Allegheny-* *Ludlum, Inc.*, 63 F.R.D. 1 (N.D.Ala.1974), *aff'd*, 517 F.2d 826 (5th Cir. 1975) as well as independent violations of the Civil Rights Act of 1871,

suit in June 1978 and complained that defendant discriminatorily laid them off because of their sex. Moving now to dismiss or strike portions of the complaint, Bethlehem asseverates that: this Court lacks jurisdiction over plaintiffs' claims which were not presented to the EEOC; that plaintiffs' general allegations regarding discrimination against women lack the requisite factual specificity; that plaintiffs, all of whom were purportedly subjected to an illegal termination, lack standing to litigate "across the board" claims on behalf of the putative class; and, finally, that some allegations of discrimination are time-barred. We address these issues *seriatim.*

Bethlehem argues that plaintiffs, who alleged only sex-based discrimination regarding their termination in the EEOC charges are now precluded from adding like charges of discrimination in hiring, compensation, seniority, promotion, transfer and terms and conditions of employment in their judicial complaint. Defendant theorizes that an expanded judicial complaint does violence to the statutory scheme which fosters conciliation and informal resolution of disputes. Specifically, defendant argues that plaintiffs' failure to allege general "across the Board" discrimination in their EEOC charge deprived it of the opportunity to amicably resolve these issues prior to litigation. *Cf. Mikkilineni v. United Engineers & Constructors,* 485 F.Supp. 1292, 1298 (E.D. Pa.1980) (plaintiff's failure to initiate administrative proceedings prior to institution of suit deprives defendant of its "right"

under the particular regulations to an informal resolution of the dispute).

■ Plaintiffs, countering, asseverate that the applicable standard which requires a nexus between the EEOC charge and the judicial complaint is met here since the civil action could "reasonably be expected to grow out of the charge of discrimination" filed before the EEOC. *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir. 1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). *See also, Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970). In arguing a close relationship between lay-offs and discrimination with respect to hiring, seniority and other employment practices, plaintiffs point out that terminations must be viewed in an overall employment context. When considered in such a light, the relationship between a termination and the seniority system is clearly discernible. Specifically, plaintiff urges that particular employment decisions should not be viewed in a vacuum; a discriminatory hiring system impacts upon seniority and, like a stone thrown into a still pond, the ripples thereof are felt by those who are laid off. Hence, under *Ostapowicz,* plaintiffs urge that the scope of their judicial complaint could "reasonably be expected to grow out of the charge of discrimination" filed before the EEOC. We agree.

Applying the *Ostapowicz* standard, the Third Circuit held that a white male whose EEOC charge alleged only "race or color" discrimination could properly frame his ju-

---

42 U.S.C. §§ 1985 and 1986 and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Defendant's original motion to dismiss was granted on the theory that all of the alleged illegalities arose out of "one matrix"; i.e., the alleged violation of the consent decree, *Emrick v. Bethlehem Steel Corp.,* 470 F.Supp. 772, 774 (E.D.Pa.1979). Hence, we believed it more appropriate for the judge who approved the decree to oversee its enforcement. On appeal, the Third Circuit agreed that portions of the complaint which alleged a direct violation of the consent decree were properly dismissed and should be presented to Judge Pointer. *See Emrick v. Bethlehem Steel Corp.,* 624 F.2d 450, 454 (3d Cir. 1980). As to all other claims, the court reversed and reinstated

plaintiff's complaint, observing, however, that the claims predicated upon § 1985 and § 1986 might not be viable in light of the Supreme Court's then-recent decision in *Great American Federal Savings & Loan Assoc. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Responding to the Circuit's observation, defendant has moved to dismiss, *inter alia,* the § 1985 and § 1986 claims. Plaintiffs have formally abandoned these claims. *See* plaintiffs' memo contra defendant's motion to dismiss or strike, at 4–5.

**2.** Three female plaintiffs bring this action individually and on behalf of a class of all others similarly situated.

dicial complaint to include allegations of gender-based discrimination. *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960 (3d Cir. 1978). There, the court rejected the contention that the "EEOC investigation sets the outer limit to the scope of the civil complaint" and opined that a contrary result would sanction an "unreasonably narrow" EEOC investigation and limit the breadth of civil complaints.[3] *Id.* at 966. Moreover, in reversing the lower court's entry of summary judgment on behalf of defendant, the *Hicks* court observed that defendant had failed to adduce any facts showing that it was prejudiced by the expanded scope of the civil complaint. 572 F.2d at 966. The reasoning of *Hicks* is both persuasive and controlling; here, claims of discriminatory hiring, seniority and compensation policies can be reasonably expected to grow out of a proper EEOC investigation into defendant's termination policies. Moreover, defendant has not alleged any prejudice which it would suffer by virtue of the expanded scope of the judicial complaint.

Our conclusion is buttressed by the Fifth Circuit's decision in *Gamble v. Birmingham Southern Railroad Co.,* 514 F.2d 678 (5th Cir. 1975) where the court permitted a judicial complaint challenging the promotional opportunities of switchmen seeking conductor and supervisory positions—this notwithstanding the fact that the EEOC charge only complained of defendant's policies regarding promotion from switchman to conductor. *Gamble* viewed the challenged employment practices in the over-all employment context and recognized that a promotion from switchman to conductor was a prerequisite for a promotion to supervisor. Accordingly, the court held that the limited EEOC charge laid a sufficient basis for and was "like or related to" the subsequent judicial complaint. *Id.* at 688.

True, determination of the proper scope of a civil action following an EEOC charge is a difficult task and one upon which courts may differ. For example, in facts similar to the ones at bar, Judge Higginbotham relied upon plaintiff's lack of legal sophistication in preparing a limited EEOC charge and permitted a broad civil action. *Commonwealth of Pennsylvania v. Local Union 542, International Union,* 469 F.Supp. 329, 395–96 (E.D.Pa.1978). Another court within this district has expressed the contrary view, *Dupree v. Hertz Corp.,* 419 F.Supp. 764, 768–69 (E.D.Pa.1976), holding that an EEOC allegation regarding hiring practices could not properly form the predicate for a broad-based civil action challenging policies regarding promotions, wages and other benefits. We decline to follow *Dupree,* however, for the following reasons: first, there is no indication that plaintiffs had the assistance of counsel in preparing their EEOC charge. Hence, defendants' current assertion of a legal "technicalit[y]" premised upon the charge is "particularly inappropriate" since "laymen, unassisted by lawyers initiate[d] the process". *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Second, *Dupree* antedated *Hicks, supra,* wherein the Third Circuit apparently expanded and liberalized the *Ostapowicz* standard. Hence, we do not believe that *Dupree* is controlling. Our holding reflects, we believe, the dual and sometimes conflicting, purposes of Title VII; initial resort to an administrative agency for attempted conciliation and a broad construction of humanitarian, remedial legislation. *Hauck v. Xerox Corp.,* 493 F.Supp. 1340, 1349 (E.D.Pa.1980), *aff'd,* 649 F.2d 859 (3d Cir. 1981).

■ Defendant's contention that plaintiffs must plead their civil rights claim with *specificity* "scarcely requires citation". *Skrocki v. Caltabiano,* 505 F.Supp. 916, 920

---

**3.** Concern, in part, that the EEOC might frame the charging party's allegations in an unreasonably narrow manner led one court to observe that the judicial complaint "may encompass only the discrimination stated in the charge or developed in the course of a reasonable investigation of that charge". *King v. Seaboard*

*Coast Line Ry. Co.,* 538 F.2d 581, 583 (4th Cir. 1976). Application of this standard would seemingly require denial of the instant motion as we do not at this stage know whether the EEOC investigation was "reasonably" conducted.

(E.D.Pa.1981). *See also, Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976) (per curiam). Moreover, plaintiffs do not seriously contend that this pleading standard is inapplicable to Title VII litigants. *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 973–974 (E.D.Pa. 1977). Although the complaint is not a model of proper pleading, it does allege that in September 1975, plaintiffs entered defendant's apprenticeship program and that they were subject to several long-term layoffs on the basis of sex.[4] These fairly sparce factual allegations read in conjunction with the remainder of the complaint, suffice to invoke this Court's jurisdiction. Having surmounted the threshold jurisdictional pleading issue, "the proper remedy for a vague complaint is a motion for a more definite statement". *Id.* at 973–74. *Accord, Beascoechea v. Sverdrup & Parcel and Associates, Inc.*, 486 F.Supp. 169, 174, n. 5 (E.D.Pa.1980). The motion to dismiss for impermissibly vague allegations will be construed as a motion for a more specific statement and will be granted as to Count I of the complaint.

■ Defendant also inveighs against the allegations that plaintiffs, and the class which they purportedly represent, were discriminated against with regard to hiring, compensation, seniority, promotion, transfer and discharge. Specifically, defendant points out that plaintiffs, who assign impermissible motives as the basis for their terminations, cannot represent a class which purportedly suffered a different kind of discriminatory treatment. *East Texas Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Cf. Scott v. University of Delaware*, 601 F.2d 76, 87 n. 23 (3d Cir. 1979) ("several courts have held that a named plaintiff who challenges a defendant's discriminatory *promotion* practices may not represent a class contesting defendant's *hiring* practices because these claims are insufficiently similar".) Although we have doubts regarding plaintiffs' ability to properly represent a class which complains of employment dis-

crimination that the plaintiffs did not suffer, we do not decide this issue at this time. Plaintiffs' status as class representatives is still to be determined; at that time, the issues herein raised will be ripe for adjudication.

■ Finally, defendant moves to dismiss those portions of the complaint which appear to be barred due to plaintiffs' failure to file a timely charge of discrimination with the EEOC. The Supreme Court recently addressed this issue and held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, —— U.S. ——, ——, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). *Zipes* did not change the law in this circuit. *Hart v. J. T. Baker Chemical Corp.*, 598 F.2d 829, 832 (3d Cir. 1979) had previously held that Title VII's time limitations "should be subject to equitable modification". Application of these precepts requires an inquiry into whether the "employer prevented the employee from asserting his or her rights by actively concealing or misleading the discharged employee as to the true reason for the discharge". *Id.* Making this determination requires reference to a factual record. *See Pettit v. Sears, Roebuck and Co.*, No. 80–4420, slip op. at 5 (E.D.Pa. May 4, 1982) (court refused to toll the limitations period where plaintiff failed to properly respond to defendant's motion for summary judgment.) None has yet been developed in this litigation and hence we deny defendant's motion. An appropriate order will follow.

---

4. See Complaint, ¶¶ 13, 14 and 19.