Wayne CHARLES, Paul Layne, and Kenrick Sylvester, Plaintiffs,

v.

HESS OIL VIRGIN ISLANDS CORP., and Amerada Hess Corp., Defendants.

Lloyd RENNIE, Wilfred Williams, Wellington Pelle, Joseph Wallace, and Julian Mitchell, Plaintiffs,

v.

HESS OIL VIRGIN ISLANDS CORP., and Amerada Hess Corp., Defendants.

Martin ELMOUR, Plaintiff,

v.

HESS OIL VIRGIN ISLANDS CORP., and Amerada Hess Corp., Defendants.

Nos. CIV.1994–0081, CIV.1994–0082 and CIV.1994–0104.

District Court, Virgin Islands, D. St. Croix.

Dec. 8, 1997.

Beth Moss, Bryant, White & Barnes, P.C., Christiansted, St. Croix, VI, for Defendants Hess Oil Virgin Islands Corp. and Amerada Hess Corp.

Carey–Anne Moody, Law Offices of John K. Dema, P.C., Christiansted, St. Croix, VI, for Plaintiffs Wayne Charles et al.

Maurice Cusick, Law Offices of Rohn & Cusick, Christiansted, St. Croix, VI, for Plaintiffs Lloyd Rennie et al.

## MEMORANDUM OPINION

FINCH, District Judge.

This matter comes before the Court on the motion of defendants Hess Oil Virgin Islands Corp. and Amerada Hess Corp. to dismiss or, alternately, for partial summary judgment. For the reasons that follow, the Court will deny the motion.

## Facts

In January 1994, plaintiffs Lloyd Rennie, Wellington Pelle, Wilfred Williams, Joseph Wallace, Julian Mitchell, Martin Elmour, Wayne Charles, Paul Layne, and Kenrick Sylvester (collectively "plaintiffs") were involuntarily terminated by Hess Oil Virgin Islands Corporation ("HOVIC"). Plaintiffs each filed a Charge of Discrimination ("charge") with the Equal Employment Opportunity Commission ("EEOC"). In their charges, plaintiffs Charles, Layne and Sylvester alleged that they had been terminated and that they believed such termination was because of their race, national origin and age. Plaintiffs Rennie, Pelle, Williams and Wallace made essentially the same allegations, but also indicated that "seniority" was a cause of their termination. Plaintiff Mitchell asserted only that he had been terminated because of his national origin. Finally, Elmour alleged discriminatory termination based on race and age. Plaintiffs provided few details, save the length of their employment and most recent position held and the fact that HOVIC advised them that their terminations were the result of "economic necessity".

Subsequently, the EEOC issued plaintiffs "Right to Sue" letters, permitting plaintiffs to file civil actions in federal district court. Plaintiffs brought the instant actions, asserting in their complaints the identical allegations of discriminatory termination raised in their EEOC charges. Additionally, plaintiffs appeared to claim that they had been discriminated against in wages and promotions.[1] Defendants now contend that the Court should dismiss these latter claims because plaintiffs failed to include them in their EEOC charges.

## Discussion

Defendants have cast their motion in the alternative, requesting either a Fed. R.Civ.P. 12(b) dismissal or summary judg-

---

1. The Court is uncertain as to whether the *Charles* plaintiffs intended to assert wage and promotion discrimination claims as separate allegations in their complaint. Plaintiffs, in their response to defendants' motion, seem to suggest that any reference in their complaint to discrimination in wages and promotions serves only as factual support for their claim of discriminatory discharge; however, plaintiffs then go on to argue that these newly-added claims should not be dismissed. Because plaintiffs' intent is unclear, the Court will assume that plaintiffs indeed are asserting wage and promotion discrimination claims.

ment under Fed. R. Civ. P. 56(c).[2] Because the parties rely upon materials outside the pleadings, the Court finds it appropriate to treat this motion as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("[Where] on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."). Under Rule 56(c), a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." For issues on which the movant would bear the burden of proof at trial—as with the affirmative defense of failure to exhaust administrative remedies in issue here—that party must show affirmatively the absence of a genuine issue of material fact.[3] *Chelcher v. Spider Staging Corp.*, 892 F.Supp. 710, 713 (D.Vi.1995). " 'If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party . . . come[s] for-

ward with significant, probative evidence demonstrating the existence of a triable issue of fact.' " *Id.* (quoting *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993)). In assessing the existence of triable issues, the reviewing court must view the underlying facts, and all the inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir.1988). Mindful of this standard, the Court turns to the merits of defendants' argument that plaintiffs have failed to exhaust their administrative remedies.

It is well-settled that, as a condition precedent to suit, a Title VII plaintiff must file charges with the EEOC.[4] *See Robinson v. Dalton*, 107 F.3d 1018, 1020–21 (3d Cir.1997). This preliminary filing requirement is an essential part of the statutory plan, which is "designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir.1976). To permit a plaintiff to assert claims in district court not contained in the EEOC charge would frustrate this conciliatory role.

**2.** Plaintiffs contend that the Court should deny defendants' motion because it does not comply with Rule 7(b)(1). *See* Fed.R.Civ.P. 7(b)(1) (requiring that every motion specify the grounds and the relief sought "with particularity"). In support of this contention, plaintiffs note that the motion nowhere identifies the subsection of Fed.R.Civ.P. 12(b) upon which it is premised and also fails to specify the paragraphs of plaintiffs' complaints that it seeks to have dismissed.

With this assertion the Court must disagree. Defendants in their motion make clear that they are challenging the wage and promotion discrimination claims in plaintiffs' complaints, and that their challenge is premised upon plaintiffs' failure to exhaust administrative remedies. Defendants have expressed the grounds and relief sought with reasonable specificity, sufficient to meet the particularity requirement of Rule 7(b)(1).

**3.** As the parties' submissions evince, the question of who bears the burden in this matter is somewhat confusing. This confusion stems from uncertainty over whether the requirement of filing with the EEOC is jurisdictional in nature. If so, plaintiffs must bear the burden of persuasion. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935) (concluding that the plaintiff, as the party

invoking the federal court's jurisdiction, has the burden of proving the existence of subject matter jurisdiction).

The Supreme Court has held that the failure to file a timely charge with the EEOC in the private discrimination context is not a jurisdictional bar, but rather is a "requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Although *Zipes* concerned only the timeliness of the filing a charge with the EEOC, the Third Circuit has extrapolated from this holding that prior filing of an EEOC charge is not a jurisdictional prerequisite to commencing a Title VII action. *See Waiters v. Parsons*, 729 F.2d 233, 236–37 (3d Cir.1984); *see also Jones v. Runyon*, 91 F.3d 1398, 1400 n. 1 (10th Cir.1996) (listing cases wherein courts have concluded that the prerequisite of an EEOC filing should be viewed merely as an affirmative defense). In light of *Waiters*, this Court concludes that the failure to comply with the administrative charge requirement is, like a statute of limitations, an affirmative defense and as such must be pled and proven by defendant.

**4.** As noted, *see* discussion supra n. 3, this requirement does not appear to be jurisdictional.

That is not to say that all claims omitted from the EEOC charge are barred, however. Indeed, courts often allow plaintiffs to expand their complaints beyond the specific elements contained in their administrative filings. This Circuit has determined that where a charge has been filed, "the parameters of the civil action in district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination .... " *Ostapowicz*, 541 F.2d at 398–99. Thus, applying *Ostapowicz*, plaintiffs' claims of wage and promotion discrimination may proceed here only if these claims fall within the scope of the EEOC investigation.

The Court notes that the EEOC conducted no investigation in the instant matter. The record is not devoid of evidence regarding the reasonable scope of such an inquiry, however; plaintiffs have proffered the affidavit of Bernadin Bailey, former Director of Labor Relations and an employee of the Virgin Islands Department of Labor for over 30 years. Relying upon his experience, Mr. Bailey indicated that in this matter, the investigating agency likely would have initiated an inquiry into discrimination in wages and promotions based upon the information provided in plaintiffs' EEOC charges. Noting that plaintiffs referenced, in their EEOC charges, letters from HOVIC in which HOVIC asserted that economic necessity required plaintiffs' terminations, Mr. Bailey explained that "[o]ur investigation would have included reviewing wage, salary and benefits information with regard to the workers who were terminated, the workers who were retained, and new workers who had been hired for jobs similar to those of the terminated workers ... to assist in our determination of whether the reason offered for the terminations was pretextual." More generally, Mr. Bailey stated that:

> [i]t was our practice to investigate evidence of discriminatory conduct occurring before and after specific conduct charged in order to determine whether or not there was probable cause to find that the conduct complained of, in this case employment terminations, resulted from a pattern and practice of discrimination, a continuing violation of the Civil Rights laws, or a dis-

> criminatory work environment encouraged or accepted by Respondents. In the event our investigation showed a pattern and practice, continuing violation or accepted discriminatory environment, we would have treated those claims as having been included in the original charge filed with us.

Mr. Bailey makes clear that an investigation of a discriminatory environment—likely to encompass discriminatory treatment in wages and promotions—would ordinarily be included in an investigation regarding an employer's decision to terminate.

Defendants provide no evidence with which to rebut Mr. Bailey's testimony. Instead, defendants contend that even if the investigating agency would have discovered plaintiffs' claims for wage and promotion discrimination in the course of a reasonable investigation, this fact alone is not enough. Defendants premise their contention upon *Cheek v. Western and Southern Life Ins. Co.,* wherein a panel of the Seventh Circuit held that before a district court could entertain claims omitted from a plaintiff's EEOC charge, the court must consider (1) whether there was a reasonable relationship between the allegations in the charge and the claims in the complaint; *and* (2) whether the claims in the complaint could reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *See* 31 F.3d 497, 500 (7th Cir.1994).

■ The Court admits to some confusion as to whether the test in this Circuit is similarly composed of two discrete analyses. *Ostapowicz*, the seminal decision in this area, defined the parameters of a civil action "by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." 541 F.2d at 398–99. Subsequently, in *Hicks v. ABT Assocs. Inc.,* the Third Circuit appeared to broaden the language of *Ostapowicz*, requiring that the additional claims be "reasonably within the scope of the charge filed with the EEOC." 572 F.2d 960, 967 (3d Cir.1978). The Third Circuit has not made clear, however, whether post-*Hicks* a two-part test now applies. *Compare Waiters v. Parsons,* 729

F.2d 233, 237 (3d Cir.1984) ("The relevant test in determining whether appellant was required to exhaust her administrative remedies ... is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, *or the investigation arising therefrom.*" (emphasis added)) *with Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984) ("[A] district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges *and* if a reasonable investigation by the EEOC would have encompassed the new claims." (emphasis added)). Even were the Court to conclude that a two-part test does apply, however, the Court would nonetheless deny summary judgment here. The factual record is insufficiently developed to permit a conclusion regarding the nexus between plaintiffs' EEOC charges and their subsequent claims in this Court. Defendants are obliged to make a sufficient record on this issue if it is to be relied upon as a basis for granting summary judgment. *See Hicks,* 572 F.2d at 967. Defendants have not done so.

The Court recognizes that its decision is contrary to *Gilliard v. New York Public Library System,* upon which defendants rely heavily. 597 F.Supp. 1069, 1079 (S.D.N.Y. 1984) (concluding that, where plaintiff's EEOC charge was limited to a claim of discriminatory discharge, allegations in plaintiff's civil suit pertaining to discrimination in wages and benefits must be dismissed); *see also Dupree v. Hertz Corp.,* 419 F.Supp. 764, 768–69 (E.D.Pa.1976) (holding that an EEOC allegation regarding hiring practices could not properly form the predicate for a civil action challenging policies regarding promotions, wages and other benefits). In neither *Gilliard* nor *Dupree* did the Court have the benefit of an affidavit detailing the scope of a reasonable inquiry, however; had plaintiffs in those cases adduced such evidence, they might well have survived defendants' motions. Further, *Gilliard* does not represent the only approach to this matter; other courts within this Circuit have expressed a contrary view. *See, e.g., Emrick v. Bethlehem Steel Corp.,* 539 F.Supp. 653, 656 (E.D.Pa.1982) (concluding that plaintiffs, who alleged only discriminatory termination in their EEOC charges were not precluded from adding like charges of discrimination in hiring, compensation, seniority, promotion, transfer and other terms and conditions of employment in their judicial complaint as these claims could be reasonably expected to grow out of a proper EEOC investigation into defendant's termination policies); *Montano v. Amstar Corp.,* 502 F.Supp. 295, 296 (E.D.Pa.1980) (same). Finally, the Court finds its conclusion to be wholly consistent with the stated purpose of the administrative charge requirement. As noted, the requirement is intended to give the EEOC an opportunity to attempt informal conciliation of employment discrimination claims, in the hope that such claims might be rectified by consensual agreement. *See Waiters,* 729 F.2d at 236 n. 9. Here, the evidence suggests had an EEOC investigation occurred, plaintiffs' additional complaints would have been reached and thus subjected to conciliation in the administrative process. Under these circumstances, a policy of promoting conciliation would not be furthered by excluding plaintiffs' claims.

Defendants have not met their burden of clearly demonstrating on the record that no genuine issue of material fact exists. Defendants' motion for partial summary judgment is thus denied.