Martin M. MARTINI et al.,
Plaintiffs-Appellants,

v.

REPUBLIC STEEL CORPORATION et al., Defendants-Appellees.

No. 75–1777.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 19, 1976.

Decided April 2, 1976.

James L. Messenger, Christopher J. Newman, Youngstown, Ohio, Martin Lubow, Rosenberg & Lubow, Pittsburgh, Pa., for plaintiffs-appellants.

Victor DeMarco, Dennis M. Kelly, James C. Sennett Jr., Cleveland, Ohio, Carl B. Frankel, Pittsburgh, Pa., Mark A. Rock, Cleveland, Ohio, Eugene Green, Youngstown, Ohio, Lawrence L. Summers, Chicago, Ill., Russell E. Leasure, Cleveland, Ohio, Henry M. Thullen, Chicago Ill., Wm. W. Falsgraf, Cleveland, Ohio, Veder, Price, Kaufman & Kammholz, Chicago, Ill., S. G. Clark, Jr., P. J. Sheehe, U. S. Steel Corp., Pittsburgh, Pa., Robert L. Weinberg, Washington, D. C., for defendants-appellees.

J. Stanley Pottinger, Asst. Atty. Gen., Robert T. Moore, Teresa M. Holland, Dept. of Justice, Washington, D. C., for amicus curiae.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This case comes before this court on appeal from an order entered by a United States District Judge in the Northern District of Ohio, Eastern Division, which dismissed appellants' complaint on the ground of comity, and alternatively on the ground that the complaint fails to state a claim upon which relief can be granted.

Plaintiffs in this case are employees of defendant steel companies. They also are members of the United Steel Workers and are represented by that organization, also a defendant herein, for purposes of collective bargaining. The action is brought as a class action on behalf of the named plaintiffs and all other similarly situated employees of the companies concerned. The complaint attacks as void a consent decree entered into between the United Steel Workers, the major steel companies which had labor contracts with that organization, and the United States Government, before the United States District Court for the Northern District of Alabama, Southern Division. It is clear that this consent decree effects major nationwide changes in the operation of the seniority systems previously in vogue under labor/management agreements in the steel industry. The implementation of these agreements by adoption in the labor/management contracts between the private parties referred to has affected the seniority rights of employees of steel plants in, according to an industry estimate, 73% of the country's basic steel industry.

The history of the litigation in the United States District Court for the Northern District of Alabama, Southern Division, is now set forth in full in *United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826 (5th Cir. 1975). In this case the Fifth Circuit considered substantive attacks upon the legality of the consent decrees entered by District Judge Pointer. That court reached the conclusion "that the settlement has not been shown to be in any respect unlawful or improper, and hence its terms, conditions, and benefits must go forward immediately in their entirety." *United States v. Allegheny-Ludlum Industries, Inc., supra* at 834.

The Fifth Circuit also held:

In sum, we adhere to our conclusions that these consent decrees are consistent with

the public interest, that they represent a sound and reasonable exercise of the discretion possessed by the executive agencies, and that they implement the policies of Title VII and related laws to an exceptionally thorough degree. Unless settlement is to be held unlawful, we do not think the decrees may be struck down. *Id.* at 881.

We are advised that applications for certiorari to the United States Supreme Court have been filed and are now pending. 44 U.S.L.W. 3429 (U.S. January 15, 1976).

 We recognize, of course, that before us appellants contend that the decree at issue entered by Judge Pointer was void *ab initio* and hence of no effect because, appellants assert, the United States District Court for the Northern District of Alabama, Southern Division, had no jurisdiction. Our review of this record convinces us, however, that the United States District Court for the Northern District of Alabama, Southern Division, clearly did have subject matter jurisdiction in the premises as conveyed by Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e, *et seq.,* and Executive Order 11246, *as amended,* 3 C.F.R. 169, *et seq.* (1974) and 28 U.S.C. § 1345 (1970).

If in fact failure on the part of the Equal Employment Opportunity Commission or the Attorney General or the Secretary of Labor to take the proper procedural steps required by Title VII which appellants argue are conditions precedent to the entry of any decree or the failure of the District Judge to make findings of unconstitutional discrimination as a part of the decrees deprived the District Judge of the power to enter any legally effective consent decree, such failures on the part of governmental agencies or the court are clearly remediable through the appellate process. The same observation may be made concerning appellants' claim that the decree is void because it does not serve the anti-race discrimination purposes of Title VII and that it could only be entered after certification of a class and notice to members of same. These claims, of course, have now been effectively rejected by the breadth of affirmance of the consent decrees entered by the Fifth Circuit in *United States v. Allegheny-Ludlum Industries, Inc., supra,* but they are still subject to review on certiorari by the United States Supreme Court if it sees fit to do so. It goes without saying that the United States District Court for the Northern District of Ohio and this court have no power of appellate review over the actions of the United States District Court for the Northern District of Alabama, Southern Division, or over the United States Court of Appeals for the Fifth Circuit.

As to those counts of appellants' complaint which allege that the consent decree is not being properly implemented we note that Judge Pointer clearly retained jurisdiction to hear such complaints. The consent decree applies nationwide, but principles of comity certainly require that these issues be raised before the court which granted the decree.

For these reasons and others set forth in the order entered by Judge Contie, filed March 11, 1975, the judgment of the United States District Court for the Northern District of Ohio, Eastern Division, is affirmed.