EMRICK, Carol A., Ferris, Iva B., Shafer, Curcio, Marsha, Appellants,

v.

BETHLEHEM STEEL CORPORATION, United Steelworkers of America, United Steelworkers of America, Local 2600.

No. 79–2026.

United States Court of Appeals, Third Circuit.

Argued March 20, 1980.

Decided June 30, 1980.

Allan M. Dabrow, Kenneth R. Gilberg (argued), Pechner, Dorfman, Wolffe, Rounick & Cabot, Philadelphia, Pa., for appellants.

Arthur R. Littleton, Dennis J. Morikawa (argued), Lawrence B. Fine, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellee Bethlehem Steel Corp.

Daniel P. McIntyre (argued), Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., for appellee United Steelworkers of America.

Before SEITZ, Chief Judge, and WEIS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

In 1978 the appellants in this suit, female employees at Bethlehem Steel Corporation's (Bethlehem Steel) plant in Bethlehem, Pennsylvania, filed a four-count complaint in the United States District Court for the Eastern District of Pennsylvania. They charged Bethlehem Steel, the United Steelworkers of America, and the United Steelworkers of America, Local 2600, with discriminating against them on account of their sex in violation of several federal statutes and in violation of a 1974 consent decree issued by a federal judge sitting in the Northern District of Alabama in a suit brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17 (Title VII). They also charged the unions with failing to represent them in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court in this case dismissed the suit as it reasoned that the complaint should have been filed with the federal court in Alabama that was supervising the consent decree. We have concluded that the district court did not err in dismissing the count which charged violations of the consent decree, but that it should have retained jurisdiction over the remaining counts. We therefore will affirm in part and reverse in part and will remand for further proceedings.

### I.

In 1974, Judge Pointer of the United States District Court for the Northern District of Alabama approved two consent decrees entered into by the Untied States, nine major steel companies including the Bethlehem Steel Corporation and the United Steelworkers of America. *United States v. Allegheny-Ludlum Ind.*, 63 F.R.D. 1 (N.D. Ala.1974), *aff'd*, 517 F.2d 826 (5th Cir. 1975) [hereinafter *Allegheny-Ludlum* ]. The consent decrees arose out of a suit brought by

the Equal Employment Opportunity Commission (EEOC) and the Secretary of Labor charging the steel companies and the union with discriminating against women, blacks and Spanish-speaking persons, in violation of Title VII. Two separate decrees were approved. The first decree involved the companies, unions and the government agencies as signatories. It covered aspects such as seniority, hiring, apprenticeship training, and transfers which were dealt with in the collective-bargaining agreement. *See* Consent Decree I, Civ. Action No. 74–P339, *reprinted in* App., at 63a [hereinafter Decree I]. The second decree did not involve the union as it dealt with activity controlled mainly by management, such as managerial, supervisory and clerical positions and non-unionized production and maintenance occupations. *See* Consent Decree II, Civ. Action No. 74–P339, *reprinted in* App., at 103a [hereinafter Decree II]. The consent decrees were approved by the district court and affirmed by the United States Court of Appeals for the Fifth Circuit. 517 F.2d 826 (5th Cir. 1975).

1.  Count One charged:
    14. *Plaintiffs*, during the course of their term of employment as hereinabove described, *have been subject to lay-offs* on several occasions, each spanning long periods of time.
    15. Plaintiffs believe and aver that *layoffs and other matters* affecting their terms, conditions and privileges of employment *were in violation of* their rights pursuant to *Federal Civil Rights Laws*, . . .
    19. . . . Defendants *have established and employment system, the design, intent and purpose of which is to continue and preserve*, and which has the effect of continuing and preserving, *the defendants' practice, custom and usage of denying employment and limiting the employment and promotional opportunities* of plaintiffs and the class they represent *because of sex.*
    20. Defendants have not made any efforts or attempts at any time since the various acts of discrimination against plaintiffs occurred, to correct, modify or disavow the policies, practices, design or purposes alleged herein. All the practices herein are continuing up to the present time.
    Complaint, *reprinted in* App., at 4a–6a. (emphasis added)
2.  Count Two charged:
    26. *Defendants have violated* the terms and provisions of *said Consent Decrees* by their

In June 1978, the plaintiffs in this suit, female employees of Bethlehem Steel at its Bethlehem, Pennsylvania plant, brought suit in the federal district court in the Eastern District of Pennsylvania. In a four-count complaint, they made a broad-based sex-discrimination attack against Bethlehem Steel and the United Steelworkers of America and the United Steelworkers of America, Local 2600. They also complained about the adequacy of their representation by the unions.

Count One asserted numerous violations of Title VII.[1] The complaint stated that the plaintiffs had been laid off in a discriminatory manner and that many of Bethlehem Steel's other employment practices were discriminatory. Count Two charged that the defendants had violated the consent decrees approved in *Allegheny-Ludlum*.[2] Count Three charged the unions with failure to represent the members of the plaintiff class in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[3] And Count Four asserted

pattern and practice of discriminating against plaintiffs and the class they represent by maintaining policies, practices, customs or usages which discriminate against women on the basis of their sex.
27. Defendants have violated the purposes and intent of the Consent Decrees by failing to maintain goals which were established to promote females and other minorities into trade and craft positions.
Complaint, *reprinted in* App., at 8a. (emphasis added)

3.  Count Three stated:
    33. Plaintiffs and the employee class believe and aver that defendants United Steelworkers of America and United Steelworkers of America Local 2600 have through a course of conduct established a pattern and practice *whereby in the past, present and foreseeable future they have, shall and may, jointly and/or severally, arbitrarily and capriciously refused and refuse to handle, adjust, process and/or otherwise address bona fide grievances and/or other work related complaints which plaintiffs and the class they represent have*, as union members, requested the said defendants, United Steelworkers of America and United Steelworkers of America Local 2600 to do. The conduct of defendant is i[n] derogation of plaintiffs' rights as provided under the terms and conditions of a collective

that the defendants had conspired to deprive the plaintiffs of their rights in violation of 42 U.S.C. §§ 1985 and 1986.[4]

The district court dismissed the complaint. It reasoned that Count Two, which challenged the defendants' compliance with the consent decrees, should be considered by the district court that was supervising the consent decrees. It also dismissed Counts One, Three and Four because it felt they were so closely related to Count Two that it would be better, for comity purposes, to have all the claims adjudicated by the same court. The plaintiffs appealed. The major issue raised by the appeal is whether the district court should have dismissed Counts One, Three and Four of the complaint because of the relationship of the charges to the activity covered by the consent decrees. The appellants have also appealed the dismissal of Count Two which challenged Bethlehem Steel's compliance with the consent decrees.

## II.

## A.

■ At the outset we conclude that Count Two should be first presented to Judge Pointer. Judge Pointer is currently supervising the Alabama decrees and ordering compliance where appropriate. *See, e. g.,* Order of Enforcement (Mar. 1, 1979) (ordering that "the Company, Union, their officers, etc., are enjoined from failing to comply with implementation of Consent Decree I and the specific terms of this Order of Enforcement in the Company's Steubenville plant"). It is customary for complaints about the failure of parties to comply with consent decrees to be brought before the court supervising the decrees. The plaintiffs have not presented us with any

good reason why they should not adhere to this practice. Under these circumstances it was appropriate to require the plaintiffs to challenge the decrees before Judge Pointer. *Accord Martini v. Republic Steel Corp.,* 532 F.2d 1079, 1081 (6th Cir. 1976) (dismissing allegation that the *Allegheny-Ludlum* consent decrees were not being properly implemented).

## B.

■ The district court dismissed the remaining counts because it believed that the factual allegations were so closely related to the claim challenging the consent decrees that judicial economy and comity required their dismissal. Should the district court adjudicate Counts One, Three, and Four, while leaving the plaintiffs to proceed before Judge Pointer on Count Two, it would confront an issue on both of these interests. The possibility of duplicative efforts and inconsistent results, which the district court noted, suggests that dismissal on grounds of judicial economy may be appropriate. *See Kerotest Manufacturing Co. v. C–O Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). Moreover, the district court's consideration of the relief appropriate under these counts might as a practical matter interfere with Judge Pointer's supervision of compliance with the consent decree. This possible interference implicates principles of comity. *See Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971).

■ However, the mere presence of issues of judicial economy and comity will not justify a distinct court's refusal to assume jurisdiction. Dismissal on these grounds is an exercise of the district court's sound equitable discretion, *Kerotest Manufactur-*

---

bargaining agreement between Bethlehem Steel Company and the United Steelworkers of America Local 2600, as well as other Federal labor laws.
Complaint, *reprinted in* App., at 11a. (emphasis added)

**4.** Count Four stated:
37. Plaintiffs and the employee class believe and, therefore, aver that the defendants

knowingly and intentionally conspired with each other to deprive, directly and indirectly, plaintiffs and the employee class of privileges and immunities and the equal protection of law and/or the parties' contractual rights as is afforded male employees at Bethlehem Steel Company.
Complaint, *reprinted in* App., at 14a.

*ing Co. v. C–O Two Fire Equipment Co., supra,* at 183–84; *Burford v. Sun Oil Co.,* 319 U.S. 315, 317–18, 63 S.Ct. 1098, 1099, 87 L.Ed. 1424 (1943). We conclude, upon consideration of additional relevant considerations, that the dismissal of Counts One, Three, and Four was an abuse of discretion.

First, the presence of the Alabama consent decrees need not impair the ability of the district court to try the remaining counts. We recognize that there may be some relationship between the decree and these counts. However, any convergence may be brought to the court's attention and the court may take that into consideration when it makes its judgments. We note that other courts have faced similar situations with no discernible difficulty. *See, e. g., Williamson v. Bethlehem Steel Corp.,* 468 F.2d 1201 (2d Cir. 1972), (reviewing suit by employees of Bethlehem Steel charging racial discrimination, although employer was subject to a decree issued by another court).

Second, we are concerned about the practicalities of the plaintiffs' ability to pursue their claims in Alabama. All of the plaintiffs work or did work in Bethlehem's plant in Bethlehem, Pennsylvania, some eight hundred eighty miles from the Northern District of Alabama. The alleged discriminatory practices took place in Pennsylvania, and thus most of the relevant evidence would be here.

Third, both the district court and the court of appeals in *Allegheny-Ludlum* stated that any individual harmed by past or future discriminatory acts of the companies or the unions was free to institute another suit, including a suit in other jurisdictions. *See* 63 F.R.D. at 6, 517 F.2d at 837–39. The Fifth Circuit explicitly stated:

> If the grievance involves an allegation of new discrimination occurring subsequent to the entry date, then it is our understanding that the individual may file a charge with the EEOC, and/or a lawsuit if he or she chooses, and expect the same quality of administrative and judicial con-

sideration to which an employment discrimination complainant would be entitled in any other American industry. 517 F.2d at 839. Thus it was the clear understanding of both courts that suits such as this one could be brought in other jurisdictions raising similar or distinct allegations of discrimination. It seems particularly inappropriate that we should defer to another court when the other court has explicitly noted that deference is not necessary.[5]

In Count Four the plaintiffs allege violations of 42 U.S.C. §§ 1985, 1986. We note that during the pendency of this appeal the Supreme Court has held that the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(c)." *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979). On remand the viability of Count Four should be considered in light of this recent predecent.

## IV.

Accordingly, we will reverse the judgment of the district court as to Counts One, Three and Four and remand for further proceedings. We will affirm its dismissal of Count Two, with the understanding that the dismissal is without prejudice to the plaintiffs' right to renew the claim in the Northern District of Alabama.

---

**5.** In view of our decision, we do not need to resolve our concern about whether the plaintiffs may not be able to satisfy the venue requirements of Title VII in Alabama. *See* 42 U.S.C. § 2000e–5(f)(3).