657 F.2d 62
 49 Fair Empl.Prac.Cas. 1812,
26 Empl. Prac. Dec. P 32,031
James C. GOINS, James H. Rodgers, Leory McClelland, Edmond
Notarangelo, Individually and on behalf of all
others similarly situated, Appellants,
v.
BETHLEHEM STEEL CORPORATION; Armco Corporation, United
States of America (Secretary of Labor); The United States of
America (Equal Employment Opportunity Commission); Allegheny
Ludlum Industries, Inc.; Jones & Laughlin Steel Corporation;
National Steel Corporation, Republic Steel Corporation;
United States Steel Corporation; Wheeling-Pittsburgh Steel
Corporation; Youngstown Sheet & Tube Company; United States
Steelworkers of America, AFL-CIO-CLC, Appellees.
 No. 80-1584.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1981.
Decided Aug. 13, 1981.
 
 Charles Lee Nutt, Baltimore, Md. (Linda C. Webster, Clements & Nutt, Baltimore, Md., on brief), for appellants.
 Robert T. Moore, Washington, D. C. (James P. Turner, Civ. Rights Div., Dept. of Justice, Washington, D. C., on brief), for the U. S.
 Jeremiah A. Collins, Washington, D. C. (George H. Cohen, Bredhoff, Gottesman, Cohen, Chanin, Weinberg & Petramalo, Washington, D. C., on brief), for United Steelworkers of America, AFL-CIO.
 G. Stewart Webb, Baltimore, Md. (Douglas D. Conna, Jr., Venable, Baetjer & Howard, Baltimore, Md., on brief), for Bethlehem Steel Corp.
 Leroy D. Clark, Vella Fink, Washington, D. C., on brief, for EEOC.
 Walter P. DeForest, Patrick W. Ritchey, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on brief, for Non-Bethlehem Steel Companies.
 Before FIELD, Senior Circuit Judge, and SPROUSE and ERVIN, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 The appellants, all members of the United Steelworkers of America, are employees of the Sparrows Point, Maryland plant of the Bethlehem Steel Corporation. They appeal from a judgment of the Maryland district court dismissing their complaint seeking nullification of a consent decree entered by the federal district court for the Northern District of Alabama.
 
 
 2
 In 1974 the Equal Employment Opportunity Commission and the United States brought an employment discrimination action in the Alabama district court against the United Steelworkers of America and nine major steel companies, including Bethlehem. The Government sought enforcement throughout the steel industry of the prohibitions against discrimination contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Exec. Order 11246, 3 C.F.R. 339 (1964-1965 Comp.). After intense negotiations, that litigation was settled, and the northern Alabama district court entered two extensive consent decrees. United States v. Allegheny-Ludlum Industries, Inc., 63 F.R.D. 1 (N.D.Ala.1974), aff'd, 517 F.2d 826 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).[1]
 
 
 3
 A principal bulwark of one of the consent decrees was the substitution of a plant-wide seniority system for the preexisting unit-wide seniority provisions of the extant collective bargaining agreements. Thus, an employee's eligibility for job vacancies affected by seniority is no longer determined, as it had been, by looking merely to the length of the employee's service in his or her present unit. Instead, under the decree, the measure of an employee's seniority is the length of his or her continuous service in the plant as a whole. The complaint in Allegheny-Ludlum had alleged that unit-wide seniority perpetuated the effects of allegedly discriminatory practices in job assignments, promotions, and transfers. Thus, the decree's implementation of plant-wide seniority was designed to facilitate the movement of minority and female employees into preferred units and to permit their advancement in those units on the basis of their overall plant service. The plant-wide seniority rules have since been made a part of the labor agreement between Bethlehem and the Union, and the decree itself has been upheld by the Court of Appeals for the Fifth Circuit on numerous occasions.[2]
 
 
 4
 The plaintiffs filed this putative class action in the federal district court for the District of Maryland, naming as defendants all parties to the Allegheny-Ludlum consent decree. Plaintiffs sought a declaration that the consent decree is unlawful and an order requiring the defendants to recognize unit-wide seniority, in accordance with the labor agreements in effect prior to the 1974 decree, rather than the plant-wide seniority provisions of the decree.
 
 
 5
 Underlying this suit is the recent recession in the steel industry and, particularly, according to the plaintiffs, at Bethlehem's Sparrows Point plant. The plaintiffs allege that the recession has resulted in a greater incidence of layoffs among the plaintiffs and their class under the decree's plant-wide seniority system than they would have experienced under the old unit-wide system. They urge that any discriminatory practices addressed by the decree had been eliminated at the Sparrows Point plant long before the decree was entered and, essentially, that the reforms implemented by the decree were not needed at Sparrows Point.
 
 
 6
 Plaintiffs do not assert that the Allegheny-Ludlum decree has in any way resulted in unlawful discrimination against them. Rather, they attack the judgment of the northern Alabama district court on the grounds (1) that they were "necessary parties" to the Allegheny-Ludlum litigation but received no notice and had no hearing prior to the entry of the consent decree; (2) that the consent decree should have been ratified by a vote among the local affiliates of the United Steelworkers International; (3) that in failing to afford local affiliates an opportunity to participate in the negotiations preceding the decree, the United Steelworkers International breached its duty of fair representation; (4) that the Alabama district court and the parties to the consent decree failed to recognize that the unit-wide seniority system in effect at the Sparrows Point plant prior to the decree was bona fide and not discriminatory; and (5) that the consent decree "bore no reasonable or rational basis to any wrongs" at the Sparrows Point plant.
 
 
 7
 In a well-reasoned opinion, the Maryland district court held that the doctrine of comity forbade this collateral attack upon the judgment of the northern Alabama district court and that, in any event, the plaintiffs' claims were without merit. We agree that basic considerations of comity bar this attempt to "appeal from one district judge to another." Ellicott Machine Corp. v. Modern Welding Co., 502 F.2d 178, 181 (4th Cir. 1974).
 
 
 8
 There is no question that the northern Alabama district court in Allegheny-Ludlum had subject matter jurisdiction over the controversy which led to the decree and, by reason of their voluntary appearances, personal jurisdiction over each of the defendants in that case. No more is required to make the judgment of the Northern Alabama District Court conclusive, subject to attack only by motion in that court or by appeal to the United States Court of Appeals for the Fifth Circuit. Martini v. Republic Steel Corp., 532 F.2d 1079, 1081 (6th Cir. 1976); Lavasek v. White, 339 F.2d 861, 863 (10th Cir. 1965). Obviously, neither this court nor the Maryland federal district court sit to review the judgments of the United States District Court for the Northern District of Alabama.
 
 
 9
 For these reasons, and for those ably stated by the district court, Goins v. Bethlehem Steel Corp., No. M-77-1905 (D.Md., July 31, 1980), we affirm.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The terms of the consent decree are published in the Fair Empl. Prac. Manual (BNA) 431:125 (1974)
 
 
 [2]
 In addition to the opinions reported in the initial Allegheny-Ludlum litigation itself, 517 F.2d 826 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); 546 F.2d 1249 (5th Cir. 1977); and 553 F.2d 451 (5th Cir. 1977), cert. denied, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978), several per curiam decisions without opinion of the Fifth Circuit have rebuffed employees' efforts to modify or void the consent decree. United States v. Allegheny-Ludlum Industries, Inc., 625 F.2d 1013 (5th Cir. 1980); EEOC v. United States Steel Corp., 607 F.2d 1004 (5th Cir. 1979)