**STATE OF LOUISIANA, Ex rel. William J. GUSTE, Jr., Attorney General, and Charles W. Tapp, Assistant Secretary, Department of Urban and Community Affairs**

v.

**The FEDDERS CORPORATION, Airtemp Corp. and Climatrol Distributing Corporation.**

Civ. A. No. 81–630–B.

United States District Court, M. D. Louisiana.

July 26, 1982.

William J. Guste, Jr., Atty. Gen., Catherine L. Stagg, Charles L. Patin, Patricia J. Hakes, Asst. Attys. Gen., Baton Rouge, La., for plaintiff.

Daniel Lund, Paul M. Lavelle, New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the defendants to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants, Fedders Corporation, Airtemp Corporation, and Climatrol Distributing Corporation ("Fedders"), move the Court to dismiss on the ground that the complaint against them fails to state a claim upon which relief can be granted. Because Fedders relies upon matters outside the pleadings, which have been considered by the Court, the Court must treat the motion as one for summary judgment as required by Rule 12(b).

These proceedings were instituted by Louisiana Attorney General William J. Guste, Jr., in the name of and on the behalf of the State of Louisiana and on the behalf of Charles W. Tapp, Assistant Secretary of the Department of Urban and Community Affairs, seeking to enjoin the defendants from engaging in unfair and deceptive trade practices and unfair methods of competition prohibited by the Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1401–1418 (UTPCPA), and to obtain restitution and additional relief for all Louisiana consumers aggrieved by the above practices under La.R.S. 51:1408. The plaintiffs henceforth shall collectively be referred to herein as the "State".

The original complaint in this suit alleges that: (1) Fedders is in the business of manufacturing and selling temperature control devices; (2) Fedders has sold these appliances in Louisiana since 1972; (3) these appliances have had an unreasonably high rate of failure due to defects in their manufacture; (4) Fedders has been unreasonably dilatory in processing warranty service requests and in supplying dealers and retailers with replacement parts with the result that Louisiana consumers have been unsuccessful in obtaining warranty service of these appliances; and, (5) Fedders has entered into a consent order with the Federal Trade Commission which requires Fedders to correct the defects in certain appliances and perform the necessary warranty work, which order they have not complied with.

The complaint seeks to enjoin Fedders from selling defective appliances. The complaint also seeks to require Fedders to: (1) refund to Louisiana consumers the purchase price of an appliance that has experienced two or more breakdowns; (2) reimburse retailers and dealers their warranty and service claims; (3) disclose to Louisiana purchasers the defects in the appliances and the slow warranty service; and, (4) disclose to Louisiana purchasers that Fedders' warranties do not include labor charges. Finally, the complaint seeks to: (1) require Fedders to replace or repair promptly any defective appliance belonging to a Louisiana consumer; (2) reimburse any Louisiana purchaser all costs to repair other than ordinary maintenance; (3) pay to the State of Louisiana a reasonable sum to be disbursed by the Louisiana Department of Justice to any Louisiana consumer who has suffered due to Fedders' illegal conduct; (4) provide the State with information as to the identity of all Louisiana purchasers since 1972; and, (5) pay the State's attorney's fees and all costs of court.

Fedders contends this action should be dismissed on the following grounds: (1) this action is an improper attempt to enforce an FTC consent decree because of the allegation with respect to the consent order in the state's complaint; (2) the New Jersey District Court has exclusive jurisdiction in this matter; (3) the exercise of jurisdiction over Fedders by the FTC precludes this action; (4) this action should be dismissed as being moot; (5) this action seeks to impose obligations upon Fedders which are prohibited by the Magnuson-Moss Warranty Act; and (6) that Fedders is exempt from state action by virtue of Section 1406(4) of the UTPCPA.

With respect to Fedders' first argument, the State has admitted that it is precluded from enforcing either the FTC order or the consent decree. The State has further repudiated any intent to do so and has indicated its willingness to drop from its complaint any allegations regarding the FTC proceedings. The State shall file such a declaration within 10 days from the date of this order. Thus, there apparently remains

no issue with respect to this argument. The other contentions Fedders urges in support of its motion are without merit and must be rejected by the Court.

Thus, the Court finds that the District Court in New Jersey does not have exclusive jurisdiction of this matter. The Court's decision to hear this case will not cause serious interference with or usurpation of the power of the New Jersey Court to enforce the consent decree. Furthermore, some of the remedies sought by the State in this case are not available under the New Jersey decree. *Emrick v. Bethlehem Steel Corp.*, 624 F.2d 450 (3 Cir. 1980). The Court finds that *United States v. American Society of Composers, Authors & Publishers*, 1971 Trade Cases ¶ 73, 463 (S.D. N.Y.1971), affirmed 442 F.2d 601 (2 Cir. 1971) does not apply under the facts of this case.

■ Fedders argues that the State is preempted from prosecuting Fedders under state law because the FTC has already prosecuted it is without merit. The State has the competence and authority to regulate Fedders' activities in this area. *Florida Lime & Avacado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Double-Eagle Lubricants, Inc. v. State of Texas*, 248 F.Supp. 515 (N.D.Tex. 1965), appeal dismissed, 384 U.S. 434, 86 S.Ct. 1601, 16 L.Ed.2d 670, rehearing denied, 385 U.S. 890, 87 S.Ct. 13, 17 L.Ed.2d 122; *FTC v. Cement Institute*, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); *Sekov Corp. v. United States*, 139 F.2d 197 (5 Cir. 1943); *SEC v. Schlitz Brewing Co.*, 452 F.Supp. 824 (E.D.Wis.1978).

■ The Court also finds that the State's action is not moot. The federal compromise has not obviated Fedders' potential liability under Louisiana law, especially since much of the conduct charged by the State differs from the alleged federal violations and different relief is sought in this action. *United States v. Cement Institute*, 85 F.Supp. 344 (D.Colo.1949).

■ Fedders urges the Court to find that at least part of the relief sought by the State is unavailable in this action because of the preemptive effect of the Magnuson-Moss Warranty Act. Fedders relies upon 15 U.S.C. § 2311(c)(1), which provides as follows:

> (c)(1) Except as provided in subsection (b) of this section and in paragraph (2) of this subsection, a State requirement—
>
>> (A) which relates to labeling or disclosure with respect to written warranties or performance thereunder;
>>
>> (B) which is within the scope of an applicable requirement of sections 2302, 2303, and 2304 of this title (and rules implementing such sections), and
>>
>> (C) which is not identical to a requirement of section 2302, 2303, or 2304 of this title (or a rule thereunder),
>
> shall not be applicable to written warranties complying with such sections (or rules thereunder).

As mentioned previously, the State asks that Fedders be enjoined from selling their products in Louisiana unless they take certain measures, including disclosing to purchasers or prospective purchasers the allegedly high rate of failure among the devices, the possible unavailability of prompt warranty service and replacement parts, and the alleged noninclusion of labor charges under Fedders' warranties. Fedders claims that their compromise with the FTC dictates the conclusion that their products henceforward will necessarily comply with the Magnuson-Moss provisions and their implementing rules. Based upon this alleged effect of the settlement of the FTC litigation, they claim that no injunctions may issue against them with respect to disclosures to consumers.

The provisions of the Magnuson-Moss Warranty Act cited by Fedders are inapplicable to the present situation. The State seeks in this action to remedy alleged violations of the UTPCPA by these individual defendants only. 15 U.S.C. § 2311(b)(1) provides that:

> Nothing in this chapter shall invalidate or restrict any right or remedy of any consumer under State law or other Federal law.

This provision makes clear what would have been implicit in any event. The "State requirements" referred to in Section 2311(c)(1) do not include remedies applied for violations of State law in individual cases. In its report on the bill which became the present Act, the House Committee on Interstate and Foreign Commerce said that under Section 111(c)(1), 15 U.S.C. § 2311(c)(1):

> Any requirement of a State whether made by *law or regulation* which relates to labeling, disclosure or other matters regarding written warranties or performance thereunder and which is within the scope of sections 102, 103, and 104 and rules implementing those sections and which is not the same as requirements of those sections or those rules would not under subsection (c) be applicable to warranties on consumer products complying with such sections and rules.

(Emphasis supplied) 1974 U.S.Code Cong. and Adm.News, p. 7702, at 7725.

The State raises further arguments in support of its prayer. It cites the opinion of the FTC that the three elements of 15 U.S.C. § 2311(c)(1) must all be present to make inapplicable a state requirement. See Determination of California's Application Under Section 111(c) of the Magnuson-Moss Warranty Act, 42 Fed.Reg. 54005, October 4, 1977. It further cites the agency's interpretation that "identical to" means that the state requirement "have the same effect as" or "result in the same disclosure as" the Act. See Commission's Opinion on Applicability of Magnuson-Moss Warranty Act to Wisconsin Mobile Home Warranty Law and Regulations, 43 Fed.Reg. 50737, October 31, 1978. According to the State, disclosing that Fedders' products have a high rate of failures is not a disclosure of written warranties under Section 2311(c)(1)(A); disclosing the lack of prompt availability of warranty service and replacement parts is the same as the requirements of Section 2302(a)(4), (a)(10), and (a)(11); and disclosing the noncoverage of labor charges by Fedders' warranties is the same as the requirements of Section 2302(a)(3), (a)(5), (a)(6), and (a)(12). Because the Court finds that Section 2311(c)(1) does not apply to remedies which may be given in individual cases under the UTPCPA, it is unnecessary for the Court to determine the merits of these arguments.

Fedders claims to be exempt from state action under Section 1406(4) of the UTPCPA, which exempts from the act

> (4) Any conduct which complies with section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C., 45(a)(1)], as from time to time amended, any rule or regulation promulgated thereunder and any finally adjudicated court decision interpreting the provisions of said Act, rules and regulations.

Fedders claims that their activities are in compliance with the consent decree and thus with the FTCA, and therefore the State cannot seek additional relief. This argument is totally devoid of merit.

The UTPCPA exempts from regulation any conduct that complies with the FTCA. The Exemption has nothing to do with whether or not the FTC has obtained relief for violations of the FTCA which also constitute violations of the state act. Far from representing a certification of Fedders' innocence from wrongdoing, the consent decree was a compromise of an action begun with an FTC complaint charging Fedders with violations of the FTCA. In order to avoid litigation of the dispute to its conclusion, Fedders agreed to provide the extensive consumer remedies which it insistently points to. Obviously, the consent decree does not indicate that Fedders did not violate the UTPCPA with regard to the heat pumps covered by the decree, and as to the various other products involved in the State's complaint the consent decree makes absolutely no reference. Fedders' undertaking of the remedial action called for under the consent decree has no bearing on its culpability for other actions, past or future.

Fedders' position is untenable and contrary to logic as shown by the opinion of Louisiana's Third Circuit Court of Appeals in *Gour v. Daray Motor Co., Inc.*, 373 So.2d 571 (La.App.Ct., 2d Cir. 1979).

**1026**

Therefore:

IT IS ORDERED that the motion of the defendants to dismiss this action be and it is hereby treated as a summary judgment and thereafter be and it is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiffs be given ten days from this date in which to amend their complaint so as to delete any reference to other judicial or administrative proceedings concerning the defendants or to file a stipulation deleting such from this suit.